## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ANGELITA BAILEY, | * |
| *On Her Own Behalf and on Behalf of All Others Similarly Situated*, | * |
| | * |
| Plaintiff, | * Civil Action No. 8:23-cv-00827-DKC |
| v. | * |
| MERCURY FINANCIAL, LLC, | * |
| Defendant. | * |

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

## ANSWER AND AFFIRMATIVE DEFENSES TO
## PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant Mercury Financial, LLC ("Defendant"), by its undersigned counsel and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby submits its Answer and Affirmative Defenses to the Class Action Complaint filed by Angelita Bailey ("Plaintiff") as follows:

## INTRODUCTION[1]

1.      This Class Action Complaint and Demand for Jury Trial (the "Complaint") challenges the unlicensed and unlawful consumer lending scheme of Defendant Mercury.

**ANSWER**:  **Defendant admits only that the Complaint speaks for itself.  Defendant denies the remaining allegations in Paragraph 1.**

---

[1] Defendant uses certain subject headings from Plaintiff's Complaint strictly for ease of reference by the Court and the parties and, by using those headings, does not intend to admit the truth of any allegation contained within them. To the extent that any of the subject headings in Plaintiff's Complaint may be construed to contain factual allegations directed to Defendant, Defendant expressly denies all such allegations

2.        Mercury — formerly known as "CreditShop, LLC" — is a small-loan lender, which has, for many years, extended consumer credit of less than $25,000.00 to numerous Marylanders including Plaintiff, Ms. Bailey.

**ANSWER**: **Defendant denies the allegations in Paragraph 2.**

3.        Mercury advertises that it is "the largest non-bank credit card company in the U.S." and that "[t]o date, the Company has extended $2.5 billion in credit lines." Many of those credit lines, including Plaintiff's, were extended to Maryland residents.

**ANSWER**: **Defendant denies the allegations in Paragraph 3.**

4.        Maryland requires consumer lenders making loans of less than $25,000 to be licensed under the Maryland Consumer Loan Law, Md. Code Ann., Com. Law. §§ 12-301 et seq. (the "MCLL"). *See* MCLL § 12-302. Before 2019, consumer lenders making loans of $6,000 or less were required to be licensed. *See* 2018 Maryland Laws Ch. 790 (H.B. 1297). Mercury's loan to Plaintiff was for less than $6,000.

**ANSWER**: **Defendant admits only that the referenced statutes speak for themselves. Defendant denies any allegations that are inconsistent with or mischaracterize the statutes.**

5.        The MCLL applies "regardless of:... [w]hether the transaction is or purports to be made under this subtitle." *Id.* § 12-303. The MCLL also "applies to all loans made by a lender domiciled in another state to a borrower who is a resident of this State if the application for the loan originated in this State." *Id.* § 12-3 1 4. Many of Mercury's loans, including Plaintiff's, were made to Maryland residents whose loan applications originated in Maryland.

**ANSWER**: **Defendant admits only that the referenced statutes speak for themselves. Defendant denies any allegations that are inconsistent with or mischaracterize the statutes. Defendant denies the remaining allegations in Paragraph 5.**

6.      Each of Mercury's loans to Plaintiff and the members of the Class defined below was subject to the MCLL, and anyone in the business of making or acquiring those loans was required to be licensed.

**ANSWER**: **Defendant denies the allegations in Paragraph 6.**

7.      Despite its Maryland lending activities, Mercury has never had any MCLL license or any other license to make consumer loans to Marylanders, under any name.

**ANSWER**:    **Defendant denies the allegations in Paragraph 7.**

8.      Because Mercury is in the business of making loans subject to the MCLL but it does not have an MCLL license, its loans to Plaintiff and other Maryland consumers are "void and  unenforceable." MCLL § 12-314(b)(l)(i).

**ANSWER**:    **Defendant admits only that the referenced statutes speak for themselves. Defendant denies any allegations that are inconsistent with or mischaracterize the statutes. Defendant denies the remaining allegations in Paragraph 8.**

9.      No person may "receive or retain" any amounts from Plaintiff or Class Members in connection with Mercury void and unenforceable loans to them. *See* MCLL § 12-314(b)(2) ("A person may not receive or retain any principal, interest, fees, or other compensation with respect to any loan that is void and unenforceable under this subsection.").

**ANSWER**: **Defendant admits only that the referenced statutes speak for themselves. Defendant denies any allegations that are inconsistent with or mischaracterize the statutes. Defendant denies the remaining allegations in Paragraph 9.**

10.     By collecting on its void and unenforceable loans, Mercury violated the MCLL. *See* MCLL § 12-314(d)(I) ("With respect to a loan that is void and unenforceable  under this

section, a person may not:... [c]ollect or attempt to collect, directly or indirectly, any amount from the borrower.")

**ANSWER**:   **Defendant admits only that the referenced statutes speak for themselves. Defendant denies any allegations that are inconsistent with or mischaracterize the statutes. Defendant denies the remaining allegations in Paragraph 10.**

11.   Mercury's actions violated not only the MCLL, but also the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law §§ 14-201 *et seq.* ("MCDCA") and the Maryland Consumer Protection Act, Md. Code Ann., Com. Law §§ 12-101 *et seq.* ("MCPA"), and give rise to claims for negligence, unjust enrichment, and money had and received.

**ANSWER**:  **Defendant denies the allegations in Paragraph 11.**

12.   Because Mercury's activities were form-driven and violate the law in materially uniform ways in the transactions of the Plaintiff and the numerous other Maryland consumers to whom Mercury made loans, this lawsuit is well-suited for class action treatment.

**ANSWER**:  **Defendant denies the allegations in Paragraph 12.**

13.   Accordingly, Plaintiff requests certification of the following Class:

All Maryland residents to whom Mercury made loans which are subject to the MCLL, where the loan application originated in Maryland and the borrower made one or more payments to Mercury on the loan.

Excluded from the Class arc all employees or representatives of Mercury, all Court personnel, and all persons who have not made payments on the subject loan accounts within the last 12 years.

**ANSWER**:   **Defendant denies that the Class referenced in Paragraph 13 may be certified.  Defendant denies the allegations in Paragraph 13.**

14.   As a result of Mercury's unlawful actions, Plaintiff and each Class Member are entitled to a declaration that Maryland law requires Mercury to be licensed, that the contracts

for Mercury's loans are void and unenforceable, that all loans made by Mercury to Plaintiff and Class Members are void and unenforceable, and that Mercury was never entitled to collect any amounts from Plaintiff and Class Members, under Maryland's Declaratory Judgment Act, Md. Code Ann., Cts. & Jud. Pro.§§ 3-401 *et seq*.

> **ANSWER**: **Defendant denies the allegations in Paragraph 14.**

15.     In addition, Mercury must return all amounts collected on Plaintiff and Class Members' Mercury loans within the past twelve years, under the MCLL. Plaintiff and Class Members arc also entitled to recover damages including the amounts collected on the Mercury loans under the MCDCA, the MCPA, in negligence, unjust enrichment, and money had and received.

> **ANSWER**: **Defendant denies the allegations in Paragraph 15.**

### Parties

16.     Plaintiff Angelita Bailey is a natural person who is a resident and citizen of the State of Maryland.  She was a resident of the State of Maryland and within the State of Maryland at the time she entered into any agreement for the loan account at issue in this lawsuit. The application for that loan originated within the State of Maryland.

> **ANSWER**: **Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 16 and therefore denies those allegations.**

17.     Mercury Financial, LLC, formerly known as CreditShop, LLC, is a privately-held subprime credit card loan originator, lender, marketer, and servicer. It is a limited liability company organized in Delaware, with its principal place of business in Delaware. Mercury markets and makes consumer credit card loans in Maryland and elsewhere in the United States.

**ANSWER**:  **Defendant admits only that Mercury Financial, LLC, is organized in Delaware, with its principal place of business in Delaware.  Defendant denies the remaining allegations in Paragraph 17.**

### Jurisdiction and Venue

18.     This Court has subject-matter jurisdiction over this case pursuant to Md. Code Ann., Cts. & Jud. Proc. §§ 1-501 and 4-402(e)(2).  This Court has personal jurisdiction pursuant to Md. Code Ann., Cts. & Jud. Proc. §§ 6-102 and 6-103(6), as the Defendant transacts business and performs work and service in the State of Maryland, contracts to supply services in the State of Maryland, and regularly does and solicits business and engages in other persistent courses of conduct in the State of Maryland, including the business described in this Complaint, and as the Defendant maintains a resident agent in the State of Maryland.

**ANSWER**:  **Defendant admits only that the U.S. District Court for the District of Maryland has subject matter jurisdiction and personal jurisdiction over this matter for the reasons addressed in Defendant's Notice of Removal, ECF. No. 1.  Defendant denies the remaining allegations in Paragraph 18.**

19.     This Court has personal jurisdiction over the Defendant under the long-arm statute of the State of Maryland, Md. Code, Cts. & Jud. Proc.§ 6-103, and the United States Constitution, because Mercury conducts substantial business within the State of Maryland. Therefore, a substantial part of the events and/or omissions giving rise to the claims and Plaintiffs tortious injuries occurred within the state of Maryland.

**ANSWER**:  **Defendant admits only that the U.S. District Court for the District of Maryland has subject matter jurisdiction and personal jurisdiction over this matter for the reasons addressed in Defendant's Notice of Removal, ECF. No. 1.  Defendant denies the remaining allegations in Paragraph 19.**

20.     Venue is proper in this Court under Md. Code Ann., Cts. & Jud. Proc. §§ 4-402(e)(2) and 6-201, as the amount in controversy in this case exceeds $25,000.00, as the controversy includes a claim for declaratory relief, and because the Defendant carries on a regular business and habitually engages in vocation in Montgomery County, Maryland. Among other things, the Defendant directed its activity described in this Complaint to persons including Plaintiff and other residents of Montgomery County, Maryland.

**ANSWER**:  **Defendant denies that venue is proper in the Circuit Court for Montgomery County.  Defendant admits only that it conducts business in Montgomery County, Maryland.  Defendant denies the remaining allegations in Paragraph 20.**

**Factual Allegations for Individual and Class Relief**

***Mercury's Business***

21.     Mercury is a small-loan lender that makes loans to consumers and made consumer loans to Plaintiff and Class members).

**ANSWER**:  **Defendant denies the allegations in Paragraph 21.**

22.     Mercury advertises that it "target[s] consumers through direct mail, digital affiliates, email origination channels and co-branded partnerships. To date, the Company has extended $2.5 billion in credit lines and helped nearly a million customers with a credit card that earns rewards, carries no monthly fee for issuance or availability, and has an affordable APR.".

**ANSWER**:  **Defendant denies the allegations in Paragraph 22.**

23.     Credit limits on Mercury's accounts with Plaintiff and Class members are and were all less than $25,000.00.

**ANSWER**:  **Defendant denies the allegations in Paragraph 23.**

24.     Although Mercury made consumer loans to Plaintiff and each Class member of less than $25,000, when the borrower was a resident of Maryland and the application for the loan originated in Maryland, it does not have the MCLL license required to do so.

**ANSWER**:  **Defendant denies the allegations in Paragraph 24.**

25.     Mercury's business operations described in this Complaint violate Maryland law.

**ANSWER**:  **Defendant denies the allegations in Paragraph 25.**

26.     Mercury does not have, and has chosen not to obtain, a license under the MCLL.

**ANSWER**:  **Defendant denies the allegations in Paragraph 26.**

27.     Mercury has a sophisticated and experienced compliance and legal department. Mercury knows that its credit business is in violation of Maryland law and the MCLL.

**ANSWER**:  **Defendant admits only that it has a compliance and legal department. Defendant denies the remaining allegations in Paragraph 27.**

**Plaintiff's Experience with MERCURY**

28.     Plaintiff had a "Mercury" branded credit card account which was owned by Mercury. Plaintiff accepted the credit card agreement for the credit card account in Maryland.

**ANSWER**:  **Defendant denies the allegations in Paragraph 28.**

29.     Plaintiff's application for the account originated in Maryland, where she resides and resided at the time she obtained the account, and the credit extended under the account was extended for personal, family, and household purposes.

**ANSWER**:  **Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 29 and therefore denies those allegations.**

30.     The credit limit for Plaintiffs Mercury credit card account - which Mercury identified in correspondence to Plaintiff as her "credit line" - was $5,250.00.

**ANSWER**:  **Defendant admits only that the referenced correspondence speaks for itself.  Defendant denies any allegations that are inconsistent with or mischaracterize that correspondence.**

31.    At no time was Mercury's loan to Plaintiff for more than $6,000.00.

**ANSWER**:  **Defendant denies the allegations in Paragraph 31.**

32.    Plaintiffs credit card agreement does not contain a written election providing that the agreement would be governed by Subtitle 1, Subtitle 4, Subtitle 9, or Subtitle 10 of the Maryland Commercial Law Article.

**ANSWER**:  **Defendant admits only that the referenced credit card agreement speaks for itself.  Defendant denies any allegations that are inconsistent with or mischaracterize that agreement.**

33.    Mercury repeatedly extended consumer credit to Plaintiff of less than $6,000.

**ANSWER**:  **Defendant denies the allegations in Paragraph 33.**

34.    For example, one month Plaintiff's "Mercury" credit card account had a balance of $4,583.09, which was credit Mercury extended to Plaintiff. The previous month, her account balance had been $4,374.24. In the intervening period, Mercury had extended additional credit to her in the amount of $307.50. During that same period, Plaintiff had made a payment to Mercury on the account of $94.73 and had a credit to her account of $3.92. Mercury sent Plaintiff correspondence which demanded that Plaintiff make an additional "minimum payment" of $99.30 to Mercury on Mercury's void and unenforceable loan to Plaintiff and asked her to make the payment to Mercury at "www.mercurycards.com."

**ANSWER**:  **Defendant denies the allegations in Paragraph 34.**

35.     The next month, Plaintiff's "Mercury" credit card account had a balance of $4,527.54, which was credit Mercury extended to Plaintiff. The previous month, her account balance had been $4,583.09, as detailed above. In the intervening period, Mercury had extended additional credit to her in the amount of $52.54. During that same period, Plaintiff had made a payment to Mercury on the account of $108.09. Mercury sent Plaintiff correspondence which demanded that Plaintiff make an additional "minimum payment" of $97.29 to Mercury on Mercury's void and unenforceable loan to Plaintiff and asked her to make the payment to Mercury at "www.mercurycards.com."

**ANSWER**:  **Defendant denies the allegations in Paragraph 35.**

36.     The next month, Plaintiffs "Mercury" credit card account had a balance of $4,568.96, which was credit Mercury extended to Plaintiff. The previous month, her account balance had been $4,527.54, as detailed above. In the intervening period, Mercury had extended additional credit to her in the amount of $138.71. During that same period, Plaintiff had made a payment to Mercury on the account of $97.29. Mercury sent Plaintiff correspondence which demanded that Plaintiff make an additional "minimum payment" of $99.07 to Mercury on Mercury's void and unenforceable loan to Plaintiff and asked her to make the payment to Mercury at "www.mercurycards.com."

**ANSWER**:  **Defendant denies the allegations in Paragraph 36.**

37.     The next month, Plaintiff's "Mercury" credit card account had a balance of $4,611.47, which was credit Mercury extended to Plaintiff. The previous month, her account balance had been $4,568.96, as detailed above. In the intervening period, Mercury had extended additional credit to her in the amount of $143.58. During that same period, Plaintiff had made a payment to Mercury on the account of $99.07. Mercury sent Plaintiff correspondence which

demanded that Plaintiff make an additional "minimum payment" of $98.10 to Mercury on Mercury's void and unenforceable loan to Plaintiff and asked her to make the payment to Mercury at "www.mercurycards.com."

**ANSWER**: **Defendant denies the allegations in Paragraph 37.**

38.     The next month, Plaintiff's "Mercury" credit card account had a balance of $4,726.43, which was credit Mercury extended to Plaintiff. The previous month, her account balance had been $4,611.47, as detailed above. In the intervening period, Mercury had extended additional credit to her in the amount of $226.43. During that same period, Plaintiff had made a payment to Mercury on the account of $111.47. Mercury sent Plaintiff correspondence which demanded that Plaintiff make.an additional "minimum payment" of $101.53 to Mercury on Mercury's void and unenforceable loan to Plaintiff and asked her to make the payment to Mercury at "www.mercurycards.com."

**ANSWER**: **Defendant denies the allegations in Paragraph 38.**

39.     The next month, Plaintiff's "Mercury" credit card account had a balance of $4,680.11, which was credit Mercury extended to Plaintiff. The previous month, her account balance had been $4,726.43, as detailed above. In the intervening period, Mercury had extended additional credit to her in the amount of $55.21. During that same period, Plaintiff had made a payment to Mercury on the account of $101.53. Mercury sent Plaintiff correspondence which demanded that Plaintiff make an additional "minimum payment" of $101.46 to MERCURY on Mercury's void and unenforceable loan to Plaintiff and asked her to make the payment to Mercury at "www.mercurycards.com."

**ANSWER**: **Defendant denies the allegations in Paragraph 39.**

40.     The next month, Plaintiff's "Mercury" credit card account had a balance of $4,844.08, which was credit Mercury extended to Plaintiff. The previous month, her account balance had been $4,680.11, as detailed above. In the intervening period, Mercury had extended additional credit to her in the amount of $163.97. MERCURY sent Plaintiff correspondence which demanded that Plaintiff make a "minimum payment" of $228.37 to Mercury on Mercury's void and unenforceable loan to Plaintiff and asked her to make the payment to Mercury at "www.mercurycards.com."

**ANSWER**:  **Defendant denies the allegations in Paragraph 40.**

41.     The next month, Plaintiff's "Mercury" credit card account had a balance of $4,931.69, which was credit Mercury extended to Plaintiff. The previous month, her account balance had been $4,844.08, as detailed above. In the intervening period, Mercury had extended additional credit to her in the amount of $87.61. Mercury sent Plaintiff correspondence which demanded that Plaintiff make an additional "minimum payment" of $364.42 to Mercury on Mercury's void and unenforceable loan to Plaintiff and asked her to make the payment to Mercury at "www.mercurycards.com."

**ANSWER**:  **Defendant denies the allegations in Paragraph 41.**

42.     Although Mercury extended credit and made consumer loans to Plaintiff of less than $25,000.00, and collected payments from Plaintiff on that credit extension, Mercury does not have any license to conduct its lending business in Maryland and has never had any license to conduct its lending business in Maryland

**ANSWER**:  **Defendant denies the allegations in Paragraph 42.**

43.     Maryland law, including the MCLL, requires Mercury to be licensed by the Commissioner of Financial Regulation to conduct its lending business in Maryland or with respect to consumers including Plaintiff and Class members.

**ANSWER**:  **Defendant denies the allegations in Paragraph 43.**

### Class Action Allegations

44.     Named Plaintiff brings this action on behalf of a Plaintiff Class which consists of:

All Maryland residents to whom Mercury made loans which are subject to the MCLL, where the loan application originated in Maryland and the borrower made one or more payments to MERCURY on the loan.

Excluded from the Class arc all employees or representatives of Mercury, all Court personnel, and all persons who have not made payments on the subject loan accounts within the last 12 years.

**ANSWER**:  **Defendant denies that the Class referenced in Paragraph 44 may be certified.**

45.     The Class, as defined above, is identifiable. The Named Plaintiff, Ms. Bailey, is a member of the Plaintiff Class.

**ANSWER** **Defendant denies that the Class referenced in Paragraph 45 may be certified.  Defendant denies the remaining allegations in Paragraph 45.**

46.     Each Class member's experience was materially the same as Plaintiff's experience.

**ANSWER**:  **Defendant denies that the Class referenced in Paragraph 46 may be certified.  Defendant denies the remaining allegations in Paragraph 46.**

47.     Mercury extended credit and made consumer loans to each Class member in an amount of less than $25,000.00, when the Class member was a resident of Maryland and the application for the Class member's loan originated in Maryland

**ANSWER**:  **Defendant denies that the Class referenced in Paragraph 47 may be certified.  Defendant denies the remaining allegations in Paragraph 47.**

48.     Mercury did not have a license to act as a lender under the MCLL at the time it engaged in any transactions with Plaintiff or any Class member.

**ANSWER**:   **Defendant denies that the Class referenced in Paragraph 48 may be certified.  Defendant denies the remaining allegations in Paragraph 48.**

49.     Nevertheless, Mercury demanded that Plaintiff and each Class member make payments on Mercury's void and unenforceable loans to them, and Plaintiff and each Class member made payments to Mercury on those void and unenforceable loans.

**ANSWER**:   **Defendant denies that the Class referenced in Paragraph 49 may be certified.  Defendant denies the remaining allegations in Paragraph 49.**

50.     Plaintiff and Class Members made numerous payments to Mercury, including payments of principal, interest, costs, fees and other charges. Mercury received and retained Plaintiff and Class Members' payments.

**ANSWER**:   **Defendant denies that the Class referenced in Paragraph 50 may be certified.  Defendant denies the remaining allegations in Paragraph 50.**

51.     None of the loans of Plaintiff or Class Members contain a written election to be governed by Subtitle 1, Subtitle 4, Subtitle 9, or Subtitle 10 of the Maryland Commercial Law Article.

**ANSWER**:  **Defendant admits only that the referenced credit card agreement speaks for itself.  Defendant denies all allegations that are inconsistent with or mischaracterize that agreement.**

52.     Mercury was not permitted to make its loans to Plaintiff or Class Members because it is not, and never has been, licensed under or exempt from the licensing requirements under the MCLL.

**ANSWER**:  **Defendant denies that the Class referenced in Paragraph 52 may be certified.  Defendant denies the remaining allegations in Paragraph 52.**

53.     Mercury's loans to Plaintiff and each Class Member are void and unenforceable because Mercury made the loans without a license under the MCLL, when Mercury is not exempt from the licensing requirements of the MCLL.

**ANSWER**:  **Defendant denies that the Class referenced in Paragraph 53 may be certified.  Defendant denies the remaining allegations in Paragraph 53.**

54.     Mercury has unlawfully received and retained, and continues to receive and retain, principal, interest, fees, and other compensation with respect to its loans to Plaintiff and Class Members, which are void and unenforceable under the MCLL.

**ANSWER**:  **Defendant denies that the Class referenced in Paragraph 54 may be certified.  Defendant denies the remaining allegations in Paragraph 54.**

55.     Mercury is not, and has never been, licensed as required by Maryland law, the statutes requiring Mercury to be licensed are regularly in nature for the protection of the public, rather than merely to raise revenue, and Mercury's actions described in this Complaint violate the fundamental public policy of Maryland.

**ANSWER**:  **Defendant denies the allegations in Paragraph 55.**

56.     Mercury never had any right to collect money from Plaintiff or Class Members, as a result of Mercury's illegal, unlicensed activity.

**ANSWER**:  **Defendant denies that the Class referenced in Paragraph 56 may be certified.  Defendant denies the remaining allegations in Paragraph 56.**

57.     There are questions of law and fact which are not only common to the members of the Class but which predominate over any questions affecting only individual Class members. The common and predominating questions include, but are not limited to:

i.      Whether Mercury had a license or was exempt from licensing under the MCLL;

ii.     Whether Mercury's transactions with Plaintiff and each Class Member are contrary to the public policy of Maryland;

iii.    Whether the statutes requiring Mercury to be licensed are regulatory in nature for the protection of the public, rather than merely to raise revenue, and enforcing Class Members' Mercury loan accounts is against public policy;

iv.     Whether Mercury ever had any right to receive or retain any payments on Class Members' loans;

v.      Whether each Class Member is entitled to a declaration under the Maryland Declaratory Judgment Act, Md. Code Ann., Cts. &Jud. Pro.§§ 3-401 *et seq.* that their loan account is void and unenforceable;

vi.     Whether the MCLL or the other causes of action alleged in this Complaint entitle Plaintiff and each Class Member to recover all payments made to Mercury;

vii.    Whether Mercury is "liable to Plaintiff and Class members under the MCDCA;

viii.   Whether Mercury is liable to Plaintiff and Class members under the MCPA;

ix.     Whether Mercury is liable to Plaintiff and Class members in negligence.

x.      Whether Mercury is liable to Plaintiff and Class members in unjust enrichment;

xi.     Whether Mercury is liable to Plaintiff and Class members for money had and received.

16

**ANSWER**:  **Defendant denies that the Class referenced in Paragraph 57 may be certified.  Defendant denies the remaining allegations in Paragraph 57.**

58.     Plaintiff's claims are typical of the claims of the respective members of the Class within the meaning of Md. Rule 2-231(6)(3) and are based on and arise out of similar facts constituting the wrongful conduct of Defendant.

**ANSWER**:  **Defendant denies that the Class referenced in Paragraph 58 may be certified.  Defendant denies the remaining allegations in Paragraph 58.**

59.     Plaintiff will fairly and adequately protect the interests of the Class within the meaning of Md. Rule 2-231(6)(4).  Plaintiff is committed  to vigorously litigating this matter. Further, Plaintiff has secured counsel experienced in handling consumer class actions and complex consumer litigation.

**ANSWER**:  **Defendant denies that the Class referenced in Paragraph 59 may be certified.  Defendant denies the remaining allegations in Paragraph 59.**

60.     Neither Plaintiff nor Plaintiff's counsel has any interests which might cause them not to vigorously pursue this claim.

**ANSWER**:  **Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 60 and therefore denies those allegations.**

61.     The prosecution of separate actions by individual members of the Class would create a risk of establishing incompatible standards of conduct for Defendant within the meaning of Md. Rule 2-23l(c)(l)(A).

**ANSWER**:  **Defendant denies that the Class referenced in Paragraph 61 may be certified.  Defendant denies the remaining allegations in Paragraph 61**.

62.     Defendant's actions are generally applicable to the respective Class as a whole, and Plaintiff seeks equitable remedies with respect to the Class within the meaning of Md. Rule 2-23l(c)(2).

**ANSWER**:  **Defendant denies that the Class referenced in Paragraph 62 may be certified.  Defendant denies the remaining allegations in Paragraph 62.**

63.     Common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class and a class action is the superior method for fair and efficient adjudication of the controversy within the meaning of Md. Rule 2-23 l(c)(3).

**ANSWER**:  **Defendant denies that the Class referenced in Paragraph 63 may be certified.  Defendant denies the remaining allegations in Paragraph 63.**

64.     The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

**ANSWER**:  **Defendant denies that the Class referenced in Paragraph 64 may be certified.  Defendant denies the remaining allegations in Paragraph 64.**

65.     Plaintiff's counsel are experienced in class actions, and foresee little difficulty in the management of this case as a class action.

**ANSWER**:  **Defendant denies that the Class referenced in Paragraph 65 may be certified.  Defendant denies the remaining allegations in Paragraph 65.**

<u>**Causes of Action**</u>

**Count I**
**Declaratory Relief under Md. Cts. & Jud. Pro. § 3-406**

66.     Plaintiff re-alleges and incorporates by reference the allegations set forth above as if fully set forth herein.

**ANSWER**:  **Defendant incorporates its answers to the foregoing paragraphs as if set forth herein in their entirety.**

67.     This claim for declaratory relief is brought under the Maryland Declaratory Judgment Act, Md. Code Ann., Cts. & Jud. Pro.§ 3-406, to settle and obtain relief from uncertainty and insecurity with respect to the rights, status and legal relations of the Plaintiff and Class Members with Defendant, under the consumer protections embodied in Maryland law.

**ANSWER**:  **Defendant denies that the Class referenced in Paragraph 67 may be certified.  Defendant denies the remaining allegations in Paragraph 67.**

68.     Defendant maintains that it was not required to have a license from the Maryland Commissioner of Financial Regulation to engage in its transactions with Plaintiff and Class Members.

**ANSWER**:  **Defendant denies that the Class referenced in Paragraph 68 may be certified.  Defendant denies the remaining allegations in Paragraph 68.**

69.     Plaintiff maintains that Defendant was required to have a license from the Maryland Commissioner of Financial Regulation to engage in the transactions with Plaintiff and Class Members.

**ANSWER**:  **Defendant denies that the Class referenced in Paragraph 69 may be certified.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 69 and therefore denies those allegations.**

70.     Defendant maintains that it did not violate the MCLL in the transactions of Plaintiff and Class Members.

**ANSWER**:  **Defendant denies that the Class referenced in Paragraph 70 may be certified.  Defendant admits the remaining allegations set forth in Paragraph 70.**

71.     Plaintiff maintains that Defendant did violate the MCLL in its transactions with Plaintiff and Class Members.

**ANSWER**:   **Defendant denies that the Class referenced in Paragraph 71 may be certified.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 71 and therefore denies those allegations.**

72.     Defendant maintains that it and its assignees may assess and collect charges from Plaintiff and Class Members.

**ANSWER**:   **Defendant denies that the Class referenced in Paragraph 72 may be certified.  Defendant denies the remaining allegations in Paragraph 72.**

73.     Plaintiff maintains that Defendant does not have, and never had, the right *to* assess or collect charges from her, or from Class Members, and that the Defendant never had the right to assign any such rights to anyone else, due *to* the facts alleged in this Complaint.

**ANSWER**:   **Defendant denies that the Class referenced in Paragraph 73 may be certified.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 73 and therefore denies those allegations.**

74.     Plaintiff and Class Members have received or will receive collection notices from Defendant and its assignees demanding payment of the alleged amounts due and have been sued or will be sued for collection of the sums which Defendant or its assignees claim are due. Moreover, Defendant notifies credit reporting agencies of the alleged balances due, thereby damaging the credit scores and history of Plaintiff and Class Members.

**ANSWER**:   **Defendant admits only that, in the course of servicing credit card accounts on behalf of the issuing bank, Mercury engages in activity relating to collection from delinquent customers and notification of balances due to credit reporting agencies.**

20

**Defendant denies that the Class referenced in Paragraph 74 may be certified.  Defendant denies the remaining allegations in Paragraph 74.**

75.     These practices continue and will continue unless and until this Court declares and affirms that Defendant does not have, and never had, the right to receive or retain money from Plaintiff and Class Members on their loan accounts.

**ANSWER**:  **Defendant denies that the Class referenced in Paragraph 75 may be certified.  Defendant denies the remaining allegations in Paragraph 75.**

76.     This presents an actual, justiciable controversy between the parties relating to the construction of the purported contracts of Plaintiff and Class Members and the application of the law to those purported contracts. Defendant and its assignees have sought and  will continue to seek to collect amounts from Plaintiff and Class Members when they are not legally entitled to do so, harming Plaintiff and  Class Members.

**ANSWER**:  **Defendant denies that the Class referenced in Paragraph 76 may be certified.  Defendant denies the remaining allegations in Paragraph 76.**

77.     Plaintiff and Class Members have a right to be free from the attempts of Defendant and its assignees to collect amounts from them which they do not owe.

**ANSWER**:  **Defendant denies that the Class referenced in Paragraph 77 may be certified.  Defendant denies the remaining allegations in Paragraph 77.**

**Count II**
**Violation of the MCLL Licensing Provisions**

78.     Plaintiff re-alleges and incorporates by reference the allegations set forth above.

**ANSWER**:  **Defendant incorporates its answers to the foregoing paragraphs as if set forth herein in their entirety.**

79.     Each of the loans to Plaintiff and Class Members which arc the subject of this Complaint were for less than $25,000, are extensions of credit or loans subject to the MCLL and are "loans" under the MCLL.

**ANSWER**:  **Defendant denies that the Class referenced in Paragraph 79 may be certified.  Defendant denies the remaining allegations in Paragraph 79.**

80.     Mercury made the loans to Plaintiff and Class Members which are the subject of this Complaint, and thus is a "lender" under the MCLL.

**ANSWER**:  **Defendant denies that the Class referenced in Paragraph 80 may be certified.  Defendant denies the remaining allegations in Paragraph 80.**

81.     Mercury is in the business of making credit card loans of less than $25,000.00.

**ANSWER**:  **Defendant denies the allegations in Paragraph 81.**

82.     None of the loans to Plaintiff or Class Members elect to be governed by Subtitle I, Subtitle 4, Subtitle 9, or Subtitle 10 of Title 12 of the Maryland Commercial Law Article.

**ANSWER**:  **Defendant admits only that the referenced credit card agreement speaks for itself.  Defendant denies all allegations that are inconsistent with or mischaracterize that agreement.  Defendant denies that the Class referenced in Paragraph 82 may be certified.**

83.     Mercury made loans to Plaintiff and Class Members of less than $25,000.00 when Mercury was required to be licensed under MCLL § 12-302, but Mercury was not and never has been licensed under or exempt from the licensing requirements of the MCLL.

**ANSWER**:  **Defendant admits only that the referenced statute speaks for itself.  Defendant denies any allegations that are inconsistent with or mischaracterize the statute.  Defendant denies that the Class referenced in Paragraph 83 may be certified.  Defendant denies the remaining allegations in Paragraph 83.**

84.     The loans to Plaintiff and Class Members are void and unenforceable under the MCLL.

**ANSWER**:  **Defendant admits only that the referenced statute speaks for itself. Defendant denies any allegations that are inconsistent with or mischaracterize the statute. Defendant denies that the Class referenced in Paragraph 84 may be certified.  Defendant denies the remaining allegations in Paragraph 84.**

85.     Although Plaintiff and Class members made payments to Mercury, or Mercury otherwise collected amounts due under the Class' loans, Mercury was never entitled to receive or retain any principal, interest, fees, or other compensation with respect to any loan to Plaintiff or Class Members, under MCLL § 12-314.

**ANSWER**:  **Defendant admits only that the referenced statute speaks for itself. Defendant denies any allegations that are inconsistent with or mischaracterize the statute. Defendant denies that the Class referenced in Paragraph 85 may be certified.  Defendant denies the remaining allegations in Paragraph 85.**

86.     In violation of the MCLL, Mercury, with respect to the Plaintiffs and Class members' void and unenforceable loans, collected and attempted to collect, directly or indirectly, amounts from Plaintiffs and Class Members, and sold, assigned, or otherwise transferred loans of Plaintiff and Class Members to other persons.

**ANSWER**:  **Defendant denies that the Class referenced in Paragraph 86 may be certified.  Defendant denies the remaining allegations in Paragraph 86.**

**Count III**
**Violation of the Maryland Consumer Debt**
**Collection Act**

87.     Plaintiff re-alleges and incorporates by reference the allegations set forth above as if fully set forth herein.

**ANSWER**:  **Defendant incorporates its answers to the foregoing paragraphs as if set forth herein in their entirety.**

88.     Defendant, at all times relevant to the actions alleged herein, is a "collector" within the meaning of section 14-201(6) of the MCDCA, because the alleged debts of Plaintiff and members of the Class which Defendant collected or sought to collect from them through the actions described herein arose from consumer transactions - i.e. Defendant's extension of credit through consumer credit card loans.

**ANSWER**:  **Defendant admits only that the referenced statute speaks for itself. Defendant denies any allegations that are inconsistent with or mischaracterize the statute. Defendant denies that the Class referenced in Paragraph 88 may be certified.  Defendant denies the remaining allegations in Paragraph 88.**

89.     In collecting and attempting to collect on the alleged debts of Plaintiff and members of the Class, Defendant violated section 14-202 of the MCDCA.

**ANSWER**:  **Defendant admits only that the referenced statute speaks for itself. Defendant denies any allegations that are inconsistent with or mischaracterize the statute. Defendant denies that the Class referenced in Paragraph 89 may be certified.  Defendant denies the remaining allegations in Paragraph 89.**

90.     Among other things, Defendant violated section 14-202(8) and (11) of the MCDCA when it claimed, attempted, or threatened to enforce a right with knowledge that the right does not exist. Defendant claimed, attempted and threatened to enforce a right to collect on its loans to Plaintiff and Class members when the loans were void and unenforceable because Defendant was

not licensed to make the loans under the MCLL. Defendant knew that it was not licensed under the MCLL, or any other Maryland law. Defendant knew that it had no right to act as an unlicensed lender in its dealings with Plaintiff and members of the Class. Defendant knew that it was acting as an unlicensed lender in its dealings with Plaintiff and the Class. At a minimum, Defendant acted with reckless disregard of the license required under the MCLL.

**ANSWER**:  **Defendant admits only that the referenced statute speaks for itself. Defendant denies any allegations that are inconsistent with or mischaracterize the statute. Defendant denies that the Class referenced in Paragraph 90 may be certified.  Defendant denies the remaining allegations in Paragraph 90.**

91.     Furthermore, Mercury violated the MCDCA § 14-202(11) when it undertook to charge and collect from Plaintiff and  each Class member payments on void and  unenforceable loans which it was not allowed to collect, thereby threatening to take actions that cannot legally be taken.

**ANSWER**:  **Defendant admits only that the referenced statute speaks for itself. Defendant denies any allegations that are inconsistent with or mischaracterize the statute. Defendant denies that the Class referenced in Paragraph 91 may be certified.  Defendant denies the remaining allegations in Paragraph 91.**

92.     Defendant's actions in violation of the MCDCA proximately caused damages to Plaintiff and members of the Class. As a direct and proximate result of Defendant's methods of collecting consumer debts in violation of Maryland law, Plaintiff and other members of the· Class were assessed and paid charges which they did not legally owe, which damaged Plaintiff and Class Members.

**ANSWER**:  **Defendant admits only that the referenced statute speaks for itself. Defendant denies any allegations that are inconsistent with or mischaracterize the statute. Defendant denies that the Class referenced in Paragraph 92 may be certified.  Defendant denies the remaining allegations in Paragraph 92.**

93.     Plaintiff and Class Members also were damaged because they suffered emotional distress and mental anguish resulting from Defendant's illegal actions in violation of the MCDCA.

**ANSWER**:  **Defendant admits only that the referenced statute speaks for itself. Defendant denies any allegations that are inconsistent with or mischaracterize the statute. Defendant denies that the Class referenced in Paragraph 93 may be certified.  Defendant denies the remaining allegations in Paragraph 93.**

**Count IV**
**Violation of the Maryland Consumer Protection Act**

94.     Plaintiff re-alleges and incorporates by reference the allegations set forth above as if fully set forth herein.

**ANSWER**:  **Defendant incorporates its answers to the foregoing paragraphs as if set forth herein in their entirety.**

95.     The MCPA generally prohibits unfair or deceptive trade practices in, among other things, the collection of consumer debts. *See* MCPA § 13-303(5).

**ANSWER**:  **Defendant admits only that the referenced statute speaks for itself. Defendant denies any allegations that are inconsistent with or mischaracterize the statute.**

96.     The actions of Defendant alleged herein constituted unfair or deceptive trade practices in the collection of consumer debts as defined by the MCPA, and in taking those actions Defendant violated the MCPA.

**ANSWER**:   Defendant admits only that the referenced statute speaks for itself. Defendant denies any allegations that are inconsistent with or mischaracterize the statute. Defendant denies the remaining allegations in Paragraph 96.

97.    For example, Defendant's practice of engaging in the collection activity described in this Complaint and seeking to collect consumer debt from Plaintiff and Class Members, when Defendant was not licensed or permitted to do so, constituted the failure to state a material fact where the failure deceives or tends to deceive. Defendant's practice of assessing charges against the accounts of Plaintiff and Class Members, and in bills sent to Plaintiff and Class Members demanding payment, without advising that Defendant was not licensed and that its loans were void and unenforceable, constituted the failure to state a material fact where the failure deceives or tends to deceive. Defendant's practice of assessing charges against Plaintiff and Class Members and collecting payments from them without advising that Defendant was not licensed and the loans were void and unenforceable constituted the failure to state material facts where the failure deceives or tends to deceive.

**ANSWER**:   Defendant denies that the Class referenced in Paragraph 97 may be certified.  Defendant denies the remaining allegations in Paragraph 97.

98.    Moreover, the unfair or deceptive trade practices barred by the MCPA specifically include the violation of the MCDCA. *See* MCPA § 13-301(l 4)(iii). Defendant violated the MCDCA as alleged herein, thus also violating the MCPA.

**ANSWER**:   Defendant admits only that the referenced statutes speak for themselves. Defendant denies any allegations that are inconsistent with or mischaracterize the statutes. Defendant denies the remaining allegations in Paragraph 98.

99.     Plaintiff and Class Members sustained actual damages as a result of the actions in violation of the MCPA and MCDCA alleged herein. Plaintiff and Class Members were damaged by, among other things, the payments they made on account of Mercury's void and unenforceable loans to them and the outstanding balances Mercury has wrongfully assessed against them.

**ANSWER**:  **Defendant admits only that the referenced statutes speak for themselves. Defendant denies any allegations that are inconsistent with or mischaracterize the statutes. Defendant denies that the Class referenced in Paragraph 99 may be certified.  Defendant denies the remaining allegations in Paragraph 99.**

**Count V**
**Money Had and Received**

100.     Plaintiff re-alleges and inco1porates by reference the allegations set forth above as if fully set forth herein.

**ANSWER**:  **Defendant incorporates its answers to the foregoing paragraphs as if set forth herein in their entirety.**

101.     Mercury acted as a lender in its dealings with Plaintiff and members of the Class without the license required under Maryland law, and demanded that Plaintiff and the members of the Class make payments on its loans to them, which were void and unenforceable under the fundamental public policy of Maryland. Plaintiff and Class members made payments to Mercury on its void and unenforceable loans.

**ANSWER**:  **Defendant admits only that the referenced Maryland laws speak for themselves.  Defendant denies any allegations that are inconsistent with or mischaracterize those laws.  Defendant denies that the Class referenced in Paragraph 101 may be certified. Defendant denies the remaining allegations in Paragraph 101.**

102.    Defendant's actions as an unlicensed lender and its collection of payments from Plaintiff and Class members on loans which are void and unenforceable were and are illegal.

**ANSWER**:  **Defendant denies that the Class referenced in Paragraph 102 may be certified.  Defendant denies the remaining allegations in Paragraph 102.**

103.    Any otherwise existing basis under which Defendant would be entitled to any form of payment or compensation of any kind for its void and unenforceable loans is nugatory and ineffective as Defendants' activities in Maryland were in violation of Maryland law.

**ANSWER**:  **Defendant admits only that the referenced Maryland laws speak for themselves.  Defendant denies any allegations that are inconsistent with or mischaracterize those laws.  Defendant denies that the Class referenced in Paragraph 103 may be certified. Defendant denies the remaining allegations in Paragraph 103.**

104.    As a result of Defendant's actions, Defendant collected money, resulting from the charges which it unlawfully assessed to Plaintiff and Class Members, to which it had no legal or equitable right.

**ANSWER**:  **Defendant denies that the Class referenced in Paragraph 104 may be certified.  Defendant denies the remaining allegations in Paragraph 104.**

105.    Defendant should return its ill-gotten gains to Plaintiff and other Class Members.

**ANSWER**:  **Defendant denies that the Class referenced in Paragraph 105 may be certified.  Defendant denies the remaining allegations in Paragraph 105.**

### Count VI
### Negligence

106.    Plaintiff re-alleges and incorporates by reference the allegations set forth above as if fully set forth herein.

**ANSWER**:  **Defendant incorporates its answers to the foregoing paragraphs as if set forth herein in their entirety.**

107.    Defendant had a duty to Plaintiff and members of the Class to not send them bills and act as a lender, when it did not have the license to act as a lender required under Maryland law.

**ANSWER**:  **Defendant admits only that the referenced Maryland laws speak for themselves.  Defendant denies any allegations that are inconsistent with or mischaracterize those laws.  Defendant denies that the Class referenced in Paragraph 107 may be certified. Defendant denies the remaining allegations in Paragraph 107.**

108.    Defendant breached its duties of care to Plaintiff and members of the Class when it acted as lender in its dealings with Class members when it did not have the license to do so. Defendant further breached its duties of care to Plaintiff and members of the Class when it charged and collected payments from Plaintiff and Class members on void and unenforceable loans.

**ANSWER**:  **Defendant denies that the Class referenced in Paragraph 108 may be certified.  Defendant denies the remaining allegations in Paragraph 108.**

109.    Plaintiff and members of the Class have suffered actual losses and damages as the proximate result of the breaches of duty of Defendant. Among other things, Plaintiff and members of the Class have been assessed and forced to pay amounts to Mercury for its unlawful actions as a lender, and to pay amounts on void and unenforceable loans. These damages, losses and injuries were proximately caused by the breaches of duty of Defendant, as Plaintiff and Class Members would not have paid amounts for Defendant's unlicensed and unauthorized actions absent Defendant's breaches of duty and would not have made payments on void and unenforceable loans absent Defendant's breaches of duty.

**ANSWER**:  **Defendant denies that the Class referenced in Paragraph 109 may be certified.  Defendant denies the remaining allegations in Paragraph 109.**

### Count VII
### Unjust Enrichment

110.    Plaintiff re-alleges and incorporates by reference the allegations set forth above as if fully set forth herein.

**ANSWER**:  **Defendant incorporates its answers to the foregoing paragraphs as if set forth herein in their entirety.**

111.    Plaintiff and  Class members conferred a benefit upon Defendant by paying amounts to Defendant which were billed to them by Defendant on void and unenforceable loans.

**ANSWER**:  **Defendant denies that the Class referenced in Paragraph 111 may be certified.  Defendant denies the remaining allegations in Paragraph 111.**

112.    Defendant knew of the benefit conferred upon it by Plaintiff and the members of the Class. Mercury  affirmatively demanded in its bills to Plaintiff and Class members payment of amounts on its void and unenforceable loans.

**ANSWER**:  **Defendant denies that the Class referenced in Paragraph 112 may be certified.  Defendant denies the remaining allegations in Paragraph 112.**

113.    It would be inequitable for Defendant to retain the amounts that it has received in connection with its unlawful actions directed to Plaintiff and Class Members, as those amounts were paid to Defendant as a result of its unlawful activity described in this Complaint and were not legally owed to Defendant and could not legally be collected by Defendant.

**ANSWER**:  **Defendant denies that the Class referenced in Paragraph 113 may be certified.  Defendant denies the remaining allegations in Paragraph 113.**

WHEREFORE, Plaintiff demands declaratory judgment and judgment in an aggregated amount for the Class as a whole in excess of $75,000, as follows:

A.  A declaratory judgment establishing that Mercury was required to be licensed under the MCLL to undertake the actions alleged in this Complaint;

B.  A declaratory judgment establishing that Mercury never had any right to collect any money from Plaintiff or Class Members, and that Plaintiff and Class Members' loans and agreements with Defendant are void and enforceable;

C.  A declaratory judgment establishing that Mercury never had any right to collect any money from Plaintiff or Class Members;

D.  Recovery of compensatory damages in an amount determined by a jury, including recovery of all principal, interest, and other compensation received by Mercury on Plaintiff and Class member accounts; damages for emotional distress and mental anguish, disgorgement and restitution of all benefits received by Defendant in connection with its unlicensed and unlawful activity alleged in this Complaint, reasonable attorney's fees pursuant to Md. Code Ann., Com. Law. § 13-408(b), and the costs of this action, all in an aggregated sum in excess of $75,000.00 for the proposed Class as a whole;

E.  Pre-judgment and post-judgment interest at the legal rate on all sums awarded to Plaintiff and Class Members; and

F.  Such other and further relief as the nature of the case may require.

**ANSWER**:  **Defendant denies that the referenced Class may be certified.  Defendant denies that Plaintiff or the putative Class is entitled to relief.**

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint as a whole, and each and every purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

The Complaint as a whole, and each and every purported cause of action alleged therein, is barred by the doctrine of accord and satisfaction.

### THIRD AFFIRMATIVE DEFENSE

The Complaint as a whole, and each and every purported cause of action alleged therein, is barred by release.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint as a whole, and each and every purported cause of action alleged therein, is barred by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint as a whole, and each and every purported cause of action alleged therein, is barred by waiver.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint as a whole, and each and every purported cause of action alleged therein, is barred because Plaintiff has selected an improper forum and must submit her claims to arbitration as provided in Plaintiff's cardholder agreement.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint as a whole, and each and every purported cause of action alleged therein, is barred because Plaintiff attempts to bring a class action suit, which is barred by the Plaintiff's cardholder agreement.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint as a whole, and each and every purported cause of action alleged therein, is barred because at all times relevant hereto, Defendant conducted itself in conformity with all applicable laws and regulations.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails, in whole or in part, because Plaintiff has suffered no actual damages as a result of Defendant's alleged violations.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff lacks Article III standing.  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016).

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails, in whole or in part, because Defendant owes no duty of law to Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails, in whole or in part, because Defendant has breached no duty of law owed to Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails, in whole or in part, because Defendant has at all times followed reasonable procedures to assure maximum possible accuracy of its servicing of Plaintiff's account.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails, in whole or in part, because Defendant never arranged loans or extended credit to consumer and accordingly, is not subject to the licensing requirement on which Plaintiff bases the entirety of the Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails, in whole or in part, because Plaintiff is not entitled to injunctive relief or a declaratory judgment against Defendant.

## RIGHT TO ASSERT ADDITIONAL AFFIRMATIVE AND OTHER DEFENSES

Defendant reserves the right to assert any additional affirmative and other defenses, or to amend its present defenses, as further information becomes available.

Dated: March 31, 2023

Respectfully submitted,

*/s/ Melissa O. Martinez*
Melissa O. Martinez (Fed. Bar No. 28975)
**MCGUIREWOODS LLP**
500 East Pratt Street
Suite 1000
Baltimore, MD 21202
410-659-4400
410-659-4482 (Fax)
mmartinez@mcguirewoods.com

***Counsel for Mercury Financial, LLC***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 31, 2023, the foregoing copy of Mercury Financial, LLC's Answer and Affirmative Defenses to Plaintiff's Class Action Complaint was electronically filed via the Court's CM/ECF system and served on all counsel of record.

*/s/ Melissa O. Martinez*
Melissa O. Martinez