# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANGELITA BAILEY, | * | |
| *On Her Own Behalf and on Behalf of All Others Similarly Situated*, | * | Civil Action No. 8:23-cv-00827-DKC |
| Plaintiff, | * | [Removed from the Circuit Court for Montgomery County, Maryland Case No. C-15-CV-23-000224] |
| v. | * | |
| MERCURY FINANCIAL, LLC, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### DECLARATION OF MERCURY FINANCIAL, LLC

1. I, Janet Gigeous, am over the age of eighteen, have personal knowledge of the facts set forth herein, and am otherwise competent to testify.

2. I am employed by Mercury Financial, LLC ("Mercury") as Head of Customer Operations, and I am an authorized representative of Mercury for the purposes of providing this Declaration.

3. I am familiar with the business and record-keeping practices of Mercury. I make this Declaration on my own personal knowledge or upon my investigation of the books and records of Mercury.

4. Mercury's principal business is servicing and marketing consumer credit cards that are issued by First Bank & Trust, Brookings, SD ("FB&T").

5. On or about March 24, 2017, Barclays Bank Delaware sold a portfolio of credit card accounts to FB&T, with servicing to be converted to Mercury.

1

6.  A sale file providing information about each of the assigned credit card accounts, including information identifying the obligors on each account and the agreements governing the accounts, was also transmitted to Mercury. The data transmitted in that sale file is also kept by Mercury in the ordinary course of its business.

7.  Upon information and belief, and based on my review of Mercury business records, on or about October 9, 2006, Plaintiff opened a Juniper Mastercard® credit card account issued by Barclays Bank Delaware ("Barclays"), which was later included in the portfolio of credit card accounts sold to FB&T for servicing by Mercury.

8.  Upon information and belief, and based on my review of Mercury business records, a cardmember agreement governed the relationship between Juniper Bank and Plaintiff. A true and correct copy of the Juniper Cardmember Agreement is attached hereto as **Exhibit 2**.

9.  The Juniper Cardmember Agreement contains an arbitration provision, providing in part:

> **Arbitration**
> Any claim, dispute or controversy ("Claim") by either you or us against the other, or against the employees, agents or assigns of the other, arising from or relating in any way to this Agreement or your Account, or any transaction on your Account including (without limitation) statutory tort and contract claims and Claims regarding the applicability of this arbitration clause or the validity of the entire Agreement, shall be resolved, upon the election by you or us, by binding arbitration under the rules and procedures of the arbitration Administration selected at the time the Claim is filed.

**Exhibit 2** at 1.

10.  The Juniper Cardmember Agreement also contains an Assignment provision providing: "We may at any time assign your Account, any sums due on your Account, this Agreement or our rights or obligations under this Agreement. The person(s) to whom we make

2

any such assignment shall be entitled to all of our rights under this Agreement, to the extent assigned." *Id.* at 2.

11.  On or about July 23, 2018, Mercury notified Plaintiff by letter that her Juniper Mastercard® credit card account had been sold and would be converted on September 24, 2018, to a Mercury Mastercard® credit card account issued by First Bank & Trust, Brookings SD.  On or about August 10, 2018, Mercury sent another letter to Plaintiff correcting the previous letter's inaccurate identification of the last four digits of her account issued by Barclays.  True and correct copies of both letters are attached hereto as **Exhibit 3**.  Mercury keeps these letters in its ordinary course of business.

12.  Mercury's July 23, 2018 letter to Plaintiff included certain terms that would apply to Plaintiff's account as of the September 24, 2018 conversion date.  The letter highlighted that the new Cardmember Agreement would contain an Arbitration Provision as follows:

> Your Cardmember Agreement contains a Jury Trial Waiver and Arbitration Clause. Please read that section carefully.  You may reject the Jury Trial Waiver and Arbitration Clause ("opt-out") by following the steps noted in that section within 60 days after you have accepted the Agreement.  The Account Conversion Date will be considered the date you accepted the Agreement, for purposes of this opt-out, because you have an existing Account.

**Exhibit 3** at 1-2.

13.  A true and correct copy of the current Cardmember Agreement governing the relationship between Mercury and Plaintiff is attached hereto as **Exhibit 4**.  Mercury keeps the Cardholder Agreement in its ordinary course of business.

14.  The current Cardmember Agreement has been revised since Plaintiff's account was converted in 2018.  The relevant language in the Cardmember Agreement that contains the Arbitration Provision requiring arbitration upon a party's demand has not changed since 2018.  A true and correct copy of the 2018 version of the Cardmember Agreement is attached hereto as

**Exhibit 5**.  Mercury also keeps prior versions of Cardmember Agreements in its ordinary course of business.

15.   The Cardmember Agreement contains an Arbitration Provision requiring arbitration upon a party's demand.  The Arbitration provision, presented in Question-and-Answer format, provides in part:

> **JURY TRIAL WAIVER AND ARBITRATION CLAUSE**
>
> By accepting this Agreement, you agree to this Jury Trial Waiver and Arbitration Clause ("Clause").  This Clause is in question and answer form to make it easier to understand.  Even so, this Clause is part of this Agreement and is legally binding. **Under this Clause, you waive the right to have any Dispute heard by a judge and jury and you waive the right to participate in a class, representative or private attorney general action regarding any Dispute.  You may "opt out" of this Clause in the manner set out in the section of the Clause entitled "Is this Clause Required."**

**Exhibit 4** at 5.

16.   Upon information and belief, and based on my review of Mercury business records, Plaintiff activated the Mercury Credit Card at issue on or about September 23, 2018, and began making consumer related purchases with the Credit Card on or about November 6, 2018.

17.   Upon information and belief, and based on my review of Mercury business records, Plaintiff did not opt out of the Arbitration Provision.

18.   I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

[*Signature Page to Follow*]

Executed on March 31, 2023

_____
Janet Gigeous
Head of Customer Operations