**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division**

| | |
|---|---|
| ANGELITA BAILEY, : | |
| : | |
| individually, and on behalf of : | |
| all others similarly situated, : | |
| : | Civil Action No. 8:23-cv-827-DKC |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| MERCURY FINANCIAL, LLC, : | |
| : | |
| Defendant. : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE A SURREPLY IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS AND TO STRIKE CLASS ALLEGATIONS**

Plaintiff, Angelita Bailey, respectfully files this memorandum of law in support of her Motion For Leave to file a Surreply in Opposition to Defendant's Motion to Compel Arbitration and Stay Proceedings and to Strike Class Allegations (the "Motion"), in order to respond to a new affidavit, a new document, and five new arguments from Defendant Mercury Financial, LLC ("Mercury") which were contained in its Reply in Support of Motion to Compel Arbitration and Stay Proceedings and Strike Class Allegations. *See* ECF No. 15 (the "Reply").

**I.    Introduction**

Mercury moved to compel arbitration (ECF No. 7) and Plaintiff opposed that motion (ECF No. 11). Mercury then filed a Reply, supported by documents which were not part of its original motion - a "Supplemental Declaration of Mercury Financial, LLC" (ECF No. 15-1) and a new "Terms of Use" document (ECF No. 15-2). And, Mercury made the following five new arguments in its Reply, based in part on its newly revealed documents:

1

1. That Mercury is the agent of First Bank & Trust;

2. That FB&T sold Plaintiff's account directly to Velocity;

3. That federal law requires Mercury to provide Plaintiff advance notice of changes to the arbitration and delegation clauses which Mercury relies upon here;

4. That the language of the Cardholder Agreement prohibits retroactive changes to the arbitration and delegation clauses; and,

5. That the Court should save the arbitration and delegation clauses in the Plaintiff's illegal loan agreement from being illusory by applying the equitable "implied covenant of good faith and fair dealing."

Plaintiff has not had an opportunity to respond to Mercury's new affidavit, its new document, or its new arguments. Accordingly, Plaintiff respectfully requests leave to file the Surreply attached as Exhibit A.

## II. Legal Standard

This Court has held that, where a party "'asserted new arguments' and 'attached documents not previously discussed or relied upon,'" a surreply was appropriate. *Sampson v. City of Cambridge, Maryland*, 251 F.R.D. 172, 175 n.3 (D. Md. 2008). "Surreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003), (*citing Lewis v. Rumsfeld*, 154 F.Supp.2d 56, 61 (D.D.C.2001)).

"A surreply is appropriate where a party has not had the opportunity to contest matters introduced for the first time in the opposing party's reply." *Animal Welfare Institute v. Martin*, 2008 WL 5062354 (D.Me. Nov. 26, 2008), *citing United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am ., Inc.*, 238 F.Supp.2d 270, 276-77 (D.D.C.2002) ("The standard for granting leave to file a surreply is whether the party making the motion would be unable to contest matters presented to

the court for the first time in the opposing party's reply. The matter must be truly new." (internal citation and quotation omitted in *Martin*)). "A surreply is most appropriate where the new matter introduced is factual." *United States ex rel. Pogue*, 238 F. Supp at 277, *citing Alexander v. FBI*, 186 F.R.D. 71, 74 (D.D.C.1998) (Lamberth, J.) (granting leave to file a surreply to respond to a new declaration).

Indeed, there is authority from this Court that when an affidavit is filed in a reply brief – as Mercury filed here – and no surreply is filed to address the new affidavit, the Court may take that silence into consideration in determining the motion. *See Kerns v. U.S.*, 534 F. Supp. 2d 633, 640 (D. Md. 2008) ("although the … affidavit was only offered for the first time in the defendant's reply brief, [the plaintiff] has not sought to file a surreply to explain how" remarks in the affidavit did not support dismissal of her case).

And, where a reply brief presents a new legal theory, a surreply is warranted. *See Williams v. United States*, No. CR DKC 10-0109, 2017 WL 5668206, at *1 (D. Md. Nov. 27, 2017) (where "surreply addresses [a] new legal theory identified for the first time in the reply brief, it will be accepted.") Similarly, where a reply brief contains new arguments, a surreply is appropriate. *See Vason v. Bd. of Educ. of Montgomery Cnty.*, No. CV DKC 15-2228, 2017 WL 412528, at *1 (D. Md. Jan. 31, 2017) (where defendant made "arguments for the first time in its reply, Plaintiff's motion for surreply will be granted."); *see also United Food & Com. Workers Union, Loc. 400 v. Kroger Mid-Atl.*, No. CIV.A. DKC 14-3133, 2015 WL 1461368, at *2 (D. Md. Mar. 27, 2015) (where a "reply memorandum raises new issues to which Kroger did not previously have an opportunity to respond, the motion for leave to file a surreply will be granted and the surreply will be considered.")

### III. A Surreply Is Appropriate to Respond to Mercury's New Documents, Arguments, and Legal Theories

A surreply is appropriate here, where Mercury submitted an entirely new Declaration, a new document, and new arguments in its Reply. *See, e.g.*, *Sampson*, 251 F.R.D. at 175 n.3. Mercury's new arguments also include new legal theories – that it is FB&T's agent, that federal law requires it to give notice of changes, that the plain language of the Cardholder Agreement prohibits retroactive changes, and that the Court should apply the equitable implied covenant of good faith and fair dealing to save the arbitration and delegation clauses in Plaintiff's illegal loan contract from being illusory, for example. *See Williams,* 2017 WL 5668206, at *1. Because Mercury's new declaration, document, arguments and legal theories were not previously included, discussed or relied upon before Defendants' Reply, Plaintiff must respond to them in a surreply or not at all. And, Plaintiff's proposed Surreply confines itself to addressing these new documents and arguments. *See* Exhibit A, Proposed Surreply.

This is not a situation like *Robinson v. Fountainhead Title Group Corp.*, 252 F.R.D. 275, 278 n.2 (D.Md. 2008), where the Defendant attempted to file a surreply based on alleged "new arguments" which had actually been raised in the opening brief. Rather, Mercury has actually produced an entirely new affidavit and new supporting document – thus expanding the record of this case in its Reply. By doing so, Mercury will have effectively prevented Plaintiff from having any opportunity to address its new affidavit, document, and new arguments if a surreply is not filed.

### IV. Conclusion

For the reasons set forth above, Plaintiff moves for leave to file the limited Surreply attached as Exhibit A to the Motion.

Respectfully submitted,

/s/Benjamin H. Carney
Richard S. Gordon (Fed. Bar No. 06882)
Benjamin H. Carney (Fed. Bar No. 27984)
GORDON, WOLF & CARNEY, Chtd.
100 W. Pennsylvania Ave., Suite 100
Towson, Maryland 21204
Tel. (410) 825-2300
Fax. (410) 825-0066
rgordon@GWCfirm.com
bcarney@GWCfirm.com

Attorneys for Plaintiff and the Putative Class