**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| ANGELITA BAILEY, | * | |
| *On Her Own Behalf and on Behalf of All Others Similarly Situated*, | * | Civil Action No. 8:23-cv-827-DKC |
| | * | [Removed from the Circuit Court for Montgomery County, Maryland |
| Plaintiff, | * | Case No. C-15-CV-23-000224] |
| v. | * | |
| MERCURY FINANCIAL, LLC, | * | |
| Defendant. | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO FILE A SURREPLY IN OPPOSITION TO DEFENDANT'S
MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS
AND TO STRIKE CLASS ALLEGATIONS**

Defendant Mercury Financial, LLC ("Mercury"), through undersigned counsel and pursuant to the U.S. District Court for the District of Maryland Local Rule 105, hereby opposes Plaintiff Angelita Bailey's ("Plaintiff") Motion for Leave to File a Surreply (the "Motion for Leave"), ECF 16, in opposition to Motion to Compel Arbitration and Stay Proceedings and to Strike Class Allegations (the "Motion to Compel"), ECF 7.  In support, Mercury states as follows:

**INTRODUCTION**

Plaintiff improperly attempts to have a second bite at the apple by seeking to file a surreply in opposition to Mercury's Motion to Compel.  Surreplies are generally disfavored in this Court, and permitted only when matters are presented for *the first time* in a reply brief.  Although Plaintiff argues that Mercury's Reply brief (the "Reply"), ECF 15, contains a "new" declaration, exhibit, and arguments, the entirety of its substance is merely responsive to issues raised in Plaintiff's

opposition brief (the "Opposition"), ECF 11, and does not warrant a surreply.  Accordingly, this Court should deny Plaintiff's Motion for Leave.

## LEGAL STANDARD

"Local Rule 105.2(a) provides that a party is not permitted to file a surreply without permission of the court."  *Brito v. Major Energy Elec. Servs., LLC*, 526 F. Supp. 3d 95, 104 (D. Md. 2021).  "Although the filing of a surreply 'is within the Court's discretion, *see* Local Rule 105.2(a), . . . they are generally disfavored.'"  *Id.* (quoting *EEOC v. Freeman*, 961 F. Supp. 2d 783, 801 (D. Md. 2013), *aff'd in part*, 778 F.3d 463 (4th Cir. 2015)).  "[A] surreply may be permitted when the party seeking to file the surreply 'would be unable to contest matters presented to the court for the first time' in the opposing party's reply.'"  *Id.* (quoting *Clear Channel Outdoor, Inc. v. Mayor & City Council of Baltimore*, 22 F. Supp. 3d 519, 529 (D. Md. 2014)).  "Conversely, a surreply is generally not permitted where the reply is merely responsive to an issue raised in the opposition."  *Id.* (citing *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605-06 (D. Md. 2003)).

## ARGUMENT

I.     **Mercury's Declaration, Exhibit, And Arguments Supporting That It Is FB&T's Agent Are Directly Responsive To Arguments Raised In Plaintiff's Opposition, And Do Not Warrant A Surreply Or Any Discovery.**

Without elaboration, Plaintiff makes the blanket—and incorrect—assertion that Mercury's arguments as to its agency relationship with First Bank & Trust, Brookings SD ("FB&T") are "new" arguments warranting a surreply.  However, for the purpose of surreplies, this Court has consistently rejected the assertion that an argument is new where, as here, it merely responds to arguments raised in an opposition brief.  *See Brito*, 526 F. Supp. 3d at 104 (citing *Khoury*, 268 F. Supp. 2d at 605-06).

As an initial matter, Plaintiff filed the Complaint at issue *against Mercury*, alleging that "Plaintiff had a 'Mercury' branded credit card account," and acknowledging that Plaintiff

"accepted the credit card agreement" for the Mercury branded credit card account.  ECF No. 3 ¶ 28.  The Complaint made no mention of FB&T, despite referring to Plaintiff's credit card agreement (the "Cardmember Agreement") multiple times.

The Cardmember Agreement is titled "***MERCURY*** MASTERCARD® CARDMEMBER AGREEMENT."  ECF No. 7-5 at 1 (emphasis added).  Its plain terms govern the relationship between Plaintiff and FB&T *as issuer* of the credit card, and it includes a "Jury Trial Waiver and Arbitration Clause" (the "Arbitration Provision") that expressly provides, "**[u]nder this Clause, you waive the right to have any Dispute heard by a judge and jury and you waive the right to bring or participate in a class, representative or private attorney general action regarding any Dispute.**"  *Id.* at 5 (emphasis in the original).[1]  The Arbitration Provision also expressly provides that it covers "Related Parties," defined to include "(1) [FB&T's] parent companies, subsidiaries, and affiliates; (2) [its] employees, directors, officers, shareholders, members, representatives, and agents; and (3) any person or entity that your [sic] or [FB&T] assert is potentially liable for the conduct at issue in a Dispute."  *Id.* at 6.

On this basis, Mercury's opening brief stated that Plaintiff's claims against Mercury— which involve a "Dispute" with a "Related Party" concerning the Cardmember Agreement—are subject to the Arbitration Provision.  In her Opposition, however, Plaintiff claimed for the first time that Mercury could not avail itself of the Arbitration Provision, because Mercury is not expressly named as a party to the Cardmember Agreement.  According to Plaintiff's Opposition, although Plaintiff could sue Mercury pursuant to its activities under the Cardmember Agreement,

---

[1] The Arbitration Provision defines "Disputes" as "any claim, counterclaim, cross-claim, complaint, cross-complaint, controversy, or dispute between you or us arising under, out of, or directly or indirectly related to your application, this Agreement or your relationship with us. . . . Dispute also includes any claim, defense or dispute concerning the formation, existence, validity, enforceability, revocation or scope of this Clause."  ECF No. 7-5 at 6.

Mercury could not benefit from the Arbitration Provision in that same agreement.  *See, e.g.,* ECF No. 11 at 2 ("Defendant's argument that it can force Plaintiff into arbitration is perplexing, at best, because nothing in the plain text of the 'Cardmember Agreement' Mercury relies upon even *mentions* Mercury Financial, LLC.  The 'Cardmember Agreement' Mercury relies upon purports to allow ''We,' 'us' and 'our'' to compel arbitration – but those terms are expressly limited to mean only 'First Bank & Trust, Brookings, SD, the issuer of your Card.'"); ECF No. 11 at 10 ("Nothing in the FB&T Arbitration & Delegation Provisions expressly covers a company, such as Mercury, that, according to its own Declaration, was principally 'servicing and marketing consumer credit cards that are issued by' FB&T.").

Mercury has found no caselaw (and Plaintiff fails to cite any) stating a defendant cannot take advantage of a contractual arbitration provision simply because it is not expressly named as a party to the contract.  Even so, Mercury's Reply points out that, among other things, the Cardmember Agreement expressly covers FB&T's *agents*.  ECF 7-5 at 6.

At the time Mercury filed its Motion to Compel, it had no reason to believe that Plaintiff would contend Mercury could not avail itself of the Arbitration Provision because it didn't expressly name Mercury as a party.  As soon as Plaintiff made that argument, Mercury responded based on the facts of its servicing relationship with FB&T, as Plaintiff acknowledges were included in Mercury's original declaration attached to the Motion to Compel, ECF No. 7-2 ¶ 4.[2]

---

[2] In the proposed surreply, Plaintiff incorrectly argues that Mercury's original and supplemental declarations assert inconsistent facts with respect to Mercury's servicing of Plaintiff's credit card account.  ECF No. 16-1 at 3, 5.  The supplemental declaration correctly states that FB&T assigned servicing rights and responsibilities under the Cardmember Agreement to Mercury in 2018.  ECF No. 15-1 ¶ 7.  The original declaration also correctly states that Barclays Bank Delaware sold a portfolio of credit card accounts to FB&T on or about March 24, 2017, with servicing to be converted to Mercury.  ECF No. 7-2 ¶ 5.  In making these statements, the declarations correctly represent that the sale of the credit card accounts and the assignment of servicing rights and responsibilities did not occur at the same time.

The supplemental declaration and attached exhibit verifying the servicing relationship do not create a factual dispute warranting discovery, because agency is a question of law (and not a question of fact) when, as here, "only one inference may be drawn from the evidence." *Becker v. Warren*, No. CV BPG-18-931, 2020 WL 6749960, at *4 (D. Md. Nov. 17, 2020) (citing *Green v. H & R Block, Inc.*, 355 Md. 488, 505 (1999)). Here, the only inference that may be drawn from the fact of Mercury and FB&T's servicing relationship—as disclosed in Mercury's opening brief and supporting materials, and as to which the court is permitted to take judicial notice in this context—is that Mercury is an agent of FB&T. *See, e.g.*, *Greer v. O'Dell*, 305 F.3d 1297, 1302 (11th Cir. 2002) (as to credit cards, holding that "[a] servicer is a party in interest in proceedings involving loans which it services" because it is an agent of the issuer); *see also* Restatement (3d) of Property-Security (Mortgages) § 1.6 TD No 2 (1992) ("[T]he servicer is an agent of the mortgage holder."); *Nationstar Mortg. LLC v. Kemp*, 476 Md. 149, 155 (2021) ("A lender may designate a servicer to act as its agent in administering the mortgage."); *see also Bowman v. Jack Cooper Transport Co.*, 399 F. Supp. 3d 447, 451 (D. Md. 2019) (holding that a court "may properly take judicial notice of matters of public record . . . , as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic" (quoting *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009))).

Lastly, to the extent Plaintiff argues otherwise, the attachment of an affidavit or declaration to a reply does not entitle Plaintiff to a surreply. Where a reply attaches an affidavit or declaration, but the plaintiff had the "first word on the [] issue" in its opposition, "both sides of the argument have been presented, [and] [] the motion for leave to file a surreply will be denied." *Bailey v. AmeriGas Propane, Inc.*, No. CIV. WDQ-11-1707, 2013 WL 1121384, at *3 (D. Md. Mar. 14, 2013); *see also EEOC*, 961 F. Supp. 2d at 800-01 (denying motion to for leave to file surreply

where "Defendant filed with its reply two new declarations by lay witness Suzanne Bragg and attorney John Koerner, each with multiple exhibits, and a new declaration by paralegal Julia McEnroe," because none of the arguments or evidence introduced in the reply "can truly be considered 'new'"); *Aguilar v. LR Coin Laudromat, Inc.*, No. CIV.A. RDB-11-02352, 2012 WL 1569552, at *3 (D. Md. May 2, 2012) (holding that "Defendants' reply brief does not introduce new theories or legal issues" and denying Plaintiffs motion for leave to file a surreply "concerning the reliability of Defendant[]'s affidavit and the tax return" included in the opposition but not the original motion).  As discussed herein, Plaintiff had the first word in her Opposition on Mercury's status under the Cardmember Agreement, and, in part through a declaration and single exhibit, Mercury properly addressed its side of the argument in the Reply.

For these reasons, this Court should deny the Motion for Leave with respect to the agency arguments, without consideration of the arguments contained within Plaintiff's proposed surreply.

## II.     Mercury's Declaration And Arguments Supporting That It Sold Plaintiff's Account To Velocity Are Directly Responsive To Arguments Raised In Plaintiff's Opposition, And Do Not Warrant A Surreply Or Any Discovery.

Plaintiff makes another blanket and incorrect assertion that Mercury's Reply arguments on the sale of Plaintiff's credit card account to Velocity are "new" and therefore warrant a surreply. As with the agency arguments, Plaintiff herself raised the Velocity arguments in her Opposition. Thus, the Motion for Leave should also be denied as to the Velocity arguments because, again, a surreply is inappropriate where the Reply's arguments are merely responses to new arguments made in the Opposition.  *See Brito*, 526 F. Supp. 3d at 104 (citing *Khoury*, 268 F. Supp. 2d at 605-06).

Plaintiff incorrectly argues that, because Velocity purchased Plaintiff's charged-off loan and initiated its own debt collection action, any rights Mercury had under the Cardmember Agreement have been waived.  ECF No. 11 at 26-30.  As explained in the Reply, the sale to

Velocity is irrelevant to Mercury's right to compel arbitration under the Arbitration Provision, and, thus, Mercury did not raise the fact of the sale in its Motion to Compel.  Rather, Mercury addressed the Velocity arguments in the Reply solely because Plaintiff raised them in her Opposition.[3]

Like the agency arguments, Mercury's supplemental declaration addressed only the fact of the Velocity sale, which Plaintiff herself raised in the Opposition.  ECF No. 15-1 ¶ 8 ("On or about October 13, 2020, FB&T sold Plaintiff's charged-off credit card account to Velocity Investments.").  Thus, for the same reasons discussed above as to the agency arguments, the declaration does not warrant a surreply with respect to the Velocity arguments.

Plaintiff's proposed surreply asserts that "Mercury provides no evidence, or even any claim, that it is the agent or even servicer of the account's current owner, Velocity." ECF No. 16-1 at 4.  Plaintiff is correct that Mercury does not have a servicing relationship with Velocity, but this is a strawman.  This Court should not permit Plaintiff to file a surreply—much less engage in discovery—with respect to an argument that Mercury has not even made.  In fact, all of the Opposition's arguments about agency and assignment are nothing more than smoke and mirrors, because **Mercury does not have to prove *any* assignment or agency to invoke the Arbitration Provision.**  Mercury is entitled to compel arbitration *solely* because Plaintiff's claims arise out of the Cardmember Agreement.  ECF No. 15 at 14-15.

Accordingly, this Court should also deny the Motion for Leave with respect to the Velocity arguments, without consideration of the arguments contained within Plaintiff's proposed surreply.

---

[3] Specifically, Mercury explained that the sale of Plaintiff's account to Velocity is irrelevant to the Motion to Compel, because Plaintiff's allegations against Mercury relate to Mercury's actions before the sale, rendering Mercury a "party aggrieved" under the FAA.  ECF No. 15 at 16-17. Mercury also explained that the Velocity sale is irrelevant because Velocity's separate debt collection action could not have waived Mercury's right to compel arbitration in this case.  ECF No. 15 at 17-18.  Neither of these arguments are "new" legal theories, but rather, are directly responsive to the arguments raised in the Opposition.

**III.    Mercury's Arguments Regarding Advance Notice As Required By Law, Limitations On Retroactive Changes, And The Implied Covenant Of Good Faith And Fair Dealing Are Directly Responsive To Arguments Raised In Plaintiff's Opposition, And Do Not Warrant A Surreply.**

Finally, Plaintiff argues that the portions of the Reply addressing advance notice as required by law, limitations on retroactive changes, and the implied covenant of good faith and fair dealing are "new" arguments.  Again, all are directly responsive to the Opposition and do not warrant a surreply.

As to the advance notice argument, Plaintiff's Opposition contains an entire section titled "No Notice is 'Required by Law,'" in which Plaintiff sets forth a page-long argument that the Arbitration Provision is illusory because "no notice of unilateral changes is 'required by law' in Maryland."  ECF No. 11 at 20.  Mercury responds accordingly in its Reply, stating that, contrary to the Opposition's assertion, notice *is* required by law, and citing several federal regulations requiring such advance notice of changes.  ECF No. 15 at 5-6.  This new legal argument was directly responsive to a new legal contention in Plaintiff's Opposition—the contention that the Arbitration Provision was illusory because Mercury could change it unilaterally at any time without notice to Plaintiff—and so does not warrant a surreply.[4]

Plaintiff further asserts that Mercury newly makes two arguments regarding retroactivity: (1) advance notice of any changes means the changes cannot apply retroactively, and (2) the implied covenant of good faith and fair dealing prevents retroactive modification.  ECF No. 15 at

---

[4] Nor is there merit to the argument Plaintiff now advances.  As Mercury stated, federal law requires advance notice of any change to a "significant" account term, defined to include the "statement that information about consumers' right to dispute transactions is included in the account-opening disclosures."  12 CFR 1026.6(b)(2)(xv); *see also* ECF No. 15 at 5-6.  According to Plaintiff's proposed surreply, the "statement" at issue is limited to the dispute rights incorporated in the Cardmember Agreement's Billing Rights section—but of course, the Arbitration Provision sets forth the consumer's ultimate rights to challenge Mercury's handling of a dispute, and so is an integral part of the consumer's dispute rights under any provision of the Cardmember Agreement.

6-9.  Even if there were room to debate the precedents Mercury cites for these legal conclusions (and there is not), Plaintiff's attempt to characterize these arguments as "new" is entirely disingenuous given that the Opposition includes argument headings such as "The Purported Arbitration and Delegation 'Agreements' Can Be Changed at Any Time, *Retroactively*, Without Notice, Rendering Them Illusory," and "A Unilateral Modification Clause with *Retroactive* Effect Makes Arbitration Provisions Illusory Regardless of Notice."  ECF No. 11 at 19, 21 (emphasis added).  The proposed surreply even *admits in a footnote* that "the Opposition discusses other reasons the language of the Cardholder Agreement does not require advance notice of changes," completely undermining Plaintiff's argument that Mercury asserted a new issue in the Reply.  ECF No. 16-1 at 10 n.1.

This Court has routinely denied motions for leave to file a surreply in analogous circumstances.  Contrary to Plaintiff's apparent argument that Mercury should have proactively made each of these arguments in its original motion, this Court has held that "Defendant was certainly under no obligation to proactively address such [] argument[s] in its original motion []" where "Defendant did not deliberately hold arguments back from its original motion in an attempt to spring them on [Plaintiff] when a response could no longer be made; it merely argued against those points that [Plaintiff] asserted in its opposition." *EEOC*, 961 F. Supp. 2d at 802; *see also Baehr v. Creig Northrop Team, P.C.*, No. CIV. WDQ-13-0933, 2014 WL 3725906, at *7 (D. Md. July 24, 2014) (denying the defendants' motion to file a surreply, finding that their "desire to interpret a case introduced by the [p]laintiffs in their [r]eply is an insufficient ground for a surreply"); *Malibu Media, LLC v. Doe*, No. CIV.A. ELH-13-03438, 2015 WL 4775337, at *7 (D. Md. Aug. 13, 2015) (rescinding order granting leave to file surreply because permitting the

surreply would allow the plaintiff "a second bite at the apple," and "there is no reason to permit plaintiff a second opportunity to respond to those arguments").

Accordingly, this Court should further deny the Motion for Leave with respect to the advance notice as required by law, limitations on retroactive changes, and implied covenant of good faith and fair dealing arguments, without consideration of the arguments contained within Plaintiff's proposed surreply.

## CONCLUSION

WHEREFORE, Defendant respectfully requests that the Court deny Plaintiff's Motion for Leave to File a Surreply in Opposition to Defendant's Motion to Compel Arbitration and Stay Proceedings and to Strike Class Allegations.

Dated: August 7, 2023

Respectfully submitted,

*/s/ Melissa O. Martinez*

Melissa O. Martinez (Fed. Bar No. 28975)
**MCGUIREWOODS LLP**
500 East Pratt Street
Suite 1000
Baltimore, MD 21202
410-659-4400
410-659-4482 (Fax)
mmartinez@mcguirewoods.com

***Counsel for Mercury Financial, LLC***

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on August 7, 2023, a copy of the foregoing ***Response in Opposition to Plaintiff's Motion for Leave to File a Surreply in Opposition to Defendant's Motion to Compel Arbitration and Stay Proceedings and to Strike Class Allegations*** was electronically filed via the Court's CM/ECF system and served on all counsel of record.


*/s/ Melissa O. Martinez*
Melissa O. Martinez