IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| ANGELITA BAILEY, | : |
| | : |
| individually, and on behalf of | : |
| all others similarly situated, | : |
| | :  Civil Action No. 8:23-cv-827-DKC |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| MERCURY FINANCIAL, LLC, | : |
| | : |
| Defendant. | : |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE A SURREPLY IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS AND TO STRIKE CLASS ALLEGATIONS**

Plaintiff, Angelita Bailey, respectfully files this reply in support of her Motion For Leave to file a Surreply in Opposition to Defendant's Motion to Compel Arbitration and Stay Proceedings and to Strike Class Allegations (ECF No. 16) (the "Surreply Motion").

Mercury's Motion to Compel Arbitration and Stay Proceedings and to Strike Class Allegations (ECF No. 7) (the "Arbitration Motion") contained numerous fundamental deficiencies, which Plaintiff pointed out in her Opposition to the Arbitration Motion (ECF No. 11) (the "Arbitration Opposition). In an attempt to cure those deficiencies, Mercury raised new arguments advancing new legal theories and attached a new declaration in its reply in support of the Arbitration Motion (ECF No. 15) (the "Arbitration Reply").

Yet Mercury vigorously opposes allowing Plaintiff to even respond to its new arguments, theories, and declaration. Its Opposition to the Surreply Motion (ECF No. 17) (the "Surreply

1

Opposition") claims that it can deny Plaintiff any response to its new material because the new material is purportedly in "response" to Plaintiff's Arbitration Opposition.

However, the fact that Plaintiff's Arbitration Opposition pointed out deficiencies in Mercury's Arbitration Motion does not give Mercury broad leave to try to cure those deficiencies with new information, arguments, and legal theories in a reply while denying Plaintiff the opportunity to respond to them.

This Court recently enunciated the standard for allowing a surreply:

> A surreply is most often permitted when the moving party must respond to matters raised for the first time in a reply. *See Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D. D.C. 2001).

*ERIC POOLE, Plaintiff v. R. RODERICK, et al., Defendants. Additional Party Names: Adane Negussie, Asresahegn Getachew, Bennet, Christopher Wedlock, J. Wolford, M. Thrasher, Meager, Paul Wheeler, Thomas Sires, William Gillum*, No. CV DKC-22-2233, 2023 WL 5234970, at *11 (D. Md. Aug. 15, 2023).

Indeed, a party can be prejudiced if they do not not file a surreply to address new materials. *See, e.g., Kerns v. U.S.*, 534 F. Supp. 2d 633, 640 (D. Md. 2008) ("although the … affidavit was only offered for the first time in the defendant's reply brief, [the plaintiff] has not sought to file a surreply to explain how" remarks in the affidavit did not support dismissal of her case). And it is well-established that "[s]urreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Khoury v. Meserve*, 268 F.Supp.2d 600, 605 (D.Md.2003).

A surreply is therefore appropriate here, where the Arbitration Reply raised "new matters." *Poole*, 2023 WL 5234970, at *11. For example, Mercury's Arbitration Reply newly argues that the Court should save the arbitration and delegation clauses in the Plaintiff's illegal loan agreement from being illusory by applying the equitable "implied covenant of good faith and fair dealing." *See* Arbitration Reply at 7-8. But that new argument was never raised in the

Arbitration Motion, and it was never raised or even mentioned in the Arbitration Opposition, either. No inkling of any "implied covenant" affecting this case ever appeared before Mercury's Arbitration Reply. Mercury's new implied covenant argument is a new argument advancing a new legal theory – and "a new legal theory" raised in a reply provides grounds for a surreply. *Harris v. O'Malley*, No. CIV. WDQ-13-2579, 2015 WL 996557, at *3 (D. Md. Mar. 4, 2015), *aff'd sub nom. Harris v. Maryland*, 670 F. App'x 108 (4th Cir. 2016). Without a surreply, Mercury will improperly have the first and last word on that new "implied covenant" theory – a theory which was neither implied nor expressed in the Arbitration Motion.

In another similar vein, Mercury's Arbitration Motion did not argue that Mercury was an agent of anyone, and did not try to prove that it was anyone's agent in its Arbitration Motion. To the contrary, the Arbitration Motion suggests that Mercury is an original party to the arbitration agreement. *See*, *e.g.*, ECF No. 7-1 at 9 (arguing that "Plaintiff and Defendant agreed in writing that 'any party may elect to arbitrate or require arbitration of any 'Dispute' as defined [by the Jury Trial Waiver and Arbitration Clause].'") Indeed, Plaintiff *pointed out* that Mercury had not advanced the theory that it was an agent of FB&T. *See* ECF No. 11 at 6 ("Beyond describing Mercury this way – as a servicing and marketing company – the Motion and its exhibits say little, if anything more about Mercury or its connections to FB&T. Mercury is never described as an "affiliate" of FB&T. Nor is it identified as a subsidiary, representative, or agent of FB&T.")

Moreover, the allegations of Plaintiff's Complaint stand against any argument that Mercury is or was an agent of FB&T – or even a servicer for FB&T. Instead, the Complaint alleges that Mercury collected payments *for itself* – not for FB&T or anyone else. *See* Complaint at, e.g., ¶ 50 ("Plaintiff and Class Members made numerous payments to Mercury, including payments of principal, interest, costs, fees and other charges. **Mercury received and retained Plaintiff and Class Mcmbers' payments**.") (emphasis added). In sum, Plaintiff could not

3

have responded in the Arbitration Opposition to an argument that Mercury was FB&T's agent, because no such argument had been made in the Arbitration Motion or was supportable under the facts alleged in the Complaint.

So, addressing the argument that Mercury actually made, Plaintiff's Arbitration Opposition demonstrated that Mercury's argument – that it is or was a party to the arbitration provision – is incorrect, and that discovery would be required before any finding that Mercury ever had any rights under the arbitration agreement. *See* ECF No. 11 at parts I.D.3 & V.

But then Mercury's Arbitration Reply changed course. Unlike the Arbitration Motion, the Arbitration Reply does not argue that Mercury is a party to the arbitration provisions. Instead, Mercury's Arbitration Reply argues that the reason it can compel arbitration because it is an agent of FB&T – a legal theory which was never made in the Arbitration Motion. And Mercury relies upon a *new declaration* for that argument. *See* Arbitration Reply at 21 (citing "Supplemental Declaration in Support of Defendant's Motion to Compel, at ¶¶ 4, 7" for the argument that "FB&T assigned servicing rights under the Cardmember Agreement to Mercury as its agent."). Mercury had to rely upon a new declaration for this argument, because the Arbitration Motion does not contend that Mercury is entitled to compel arbitration on the basis that it is an agent, and the Arbitration Motion and the materials which were submitted with it do not support Mercury's new argument.

Mercury's new agency argument is thus not "responding" to an argument Plaintiff made – it is *changing* the argument, advancing a new legal theory, and seeking to deny Plaintiff the opportunity to even respond to it. Like the new implied covenant argument, Mercury's new agency argument is a new legal theory warranting a surreply. *See Harris*, 2015 WL 996557, at *3

Mercury's Arbitration Reply also raised other new facts and arguments – newly claiming (incorrectly) that FB&T sold Plaintiff's account directly to Velocity; that a federal regulation

4

requires Mercury to provide Plaintiff advance notice of changes to the arbitration and delegation clauses which Mercury relies upon here; and that the language of the Cardholder Agreement prohibits retroactive changes to the arbitration and delegation clauses. None of these erroneous arguments were raised in the Arbitration Motion. So – Plaintiff never had the chance to respond to these arguments, because they were never made before Mercury's Arbitration Reply.

Mercury's new facts and arguments, however, are material. After all, Mercury has the burden to prove that it has an existing arbitration agreement with Plaintiff. See *Minnieland Priv. Day Sch., Inc. v. Applied Underwriters Captive Risk Assurance Co., Inc.*, 867 F.3d 449, 456 (4th Cir. 2017) (a "defendant who seeks to compel arbitration … bears the burden of establishing the existence of a binding contract to arbitrate the dispute.") Under the Federal Rules of Civil Procedure and the Local Rules, carrying that burden requires at least asserting *in the motion* the grounds to support that an arbitration agreement between the parties exists. *See* Fed. R. Civ. P. 7(b)(1)(B) (a motion shall "state with particularity the grounds for seeking the order" requested);. L.R. 105.1 (a motion "shall be filed with the Clerk and be accompanied by a memorandum setting forth the reasoning and authorities in support of it and a proposed order."). Mercury did not comply with these rules. It did not state in the Arbitration Motion "with particularity" the "grounds" or "reasoning" which its Arbitration Reply now asserts. Mercury's attempt to make its new arguments without even permitting a response from Plaintiff would improperly prejudice her, in violation of the Federal and Local Rules.

Mercury's position is further eroded by other cases applying the standard enunciated in *Poole*. *Poole* cites *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001) as support for the surreply standard, and *Lewis*, in turn, cites *Alexander v. Federal Bureau of Investigation,* 186 F.R.D. 71, 74 (D.D.C.1998) for the same proposition.

And *Alexander* (the case *Lewis* cites) parallels the circumstances presented in *this* case:

5

> Plaintiffs filed a motion to file a surreply to the reply to their opposition to Davis' motion for protective order ***due to the fact that the reply filed by Davis included a declaration by Davis not included in the original motion for protective order***. Through their surreply, plaintiffs seek an opportunity to refute the statements made by Davis in that declaration. ***If the court were to deny plaintiffs leave to file the surreply, plaintiffs would be unable to contest matters presented to the court for the first time in the form of Davis' declaration***. Therefore, it is the conclusion of this court that plaintiffs have demonstrated good cause to warrant the granting of their motion and their surreply shall be filed.

*Alexander v. F.B.I.*, 186 F.R.D. 71, 74 (D.D.C. 1998) (emphasis added).

The same is true here. Mercury's Reply for the first time filed a new declaration, and made new arguments advancing new legal theories. A surreply should be allowed. *See also Coryn Grp. II, LLC v. O.C. Seacrets, Inc.*, 868 F. Supp. 2d 468, 496 (D. Md. 2012) (permitting surreply where reply "raised new arguments").

WHEREFORE, for the reasons set forth above and in her Surreply Motion, Plaintiff respectfully requests that the Surreply Motion be granted.

                Respectfully submitted,

                <u>/s/Benjamin H. Carney</u>
                Richard S. Gordon (Fed. Bar No. 06882)
                Benjamin H. Carney (Fed. Bar No. 27984)
                GORDON, WOLF & CARNEY, Chtd.
                100 W. Pennsylvania Ave., Suite 100
                Towson, Maryland 21204
                Tel. (410) 825-2300
                Fax. (410) 825-0066
                rgordon@GWCfirm.com
                bcarney@GWCfirm.com

                Attorneys for Plaintiff and the Putative Class