IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANGELITA BAILEY, on her own       :
behalf and on behalf of all
others similarly situated         :

    v.                            :    Civil Action No. DKC 23-0827

                                       :

MERCURY FINANCIAL, LLC
                                       :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is the joint motion for preliminary approval of a class action settlement agreement between Angelita Bailey ("Representative Plaintiff") and Mercury Financial, LLC ("Defendant") (collectively, "Parties") (ECF No. 36). The Parties also seek preliminary certification of a settlement class, appointment of counsel for Representative Plaintiff as class counsel, and approval of notice. The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, approval will be deferred pending amendment of the proposed notices.

**I.  Background**

The relevant factual background in this case is set out in a prior opinion. (ECF No. 20, at 1-4). In short, Representative Plaintiff alleges that Defendant extended consumer credit lines to numerous Marylanders without having a lending license in Maryland. (ECF No. 3). On her own behalf and on behalf of those similarly

situated, Representative Plaintiff filed this suit on January 25, 2023, in the Circuit Court for Montgomery County, Maryland. (ECF No. 3). Defendant removed the case to this court on March 24, 2023. (ECF No. 1). Representative Plaintiff alleges violations of the Maryland Consumer Loan Law, Md. Code Ann., Com. Law. §§ 12-301 *et seq.* ("MCLL"), the Maryland Consumer Debt Collection Act, Md. Code. Ann., Com. Law §§ 14-201 *et seq.*, and the Maryland Consumer Protection Act, Md. Code Ann., Com. Law §§ 12-101 *et seq.*, and Maryland common law. (ECF No. 3).

On March 31, 2023, Defendant moved to compel arbitration and stay proceedings and to strike class allegations (ECF No. 7). The court denied the motion on September 26, 2023 (ECF No. 20). Defendant appealed this court's ruling on October 24, 2023 (ECF No. 23), and the case was stayed pending appeal (ECF No. 24). The United States Court of Appeals for the Fourth Circuit affirmed this court's ruling on March 11, 2025 (ECF No. 28), and denied Defendant's petition for rehearing on April 8, 2025 (ECF No. 30). On June 25, 2025, the Parties filed the instant joint motion for preliminary approval (ECF No. 36).

## II.  The Settlement Agreement

### A.    The Settlement Class

The Settlement Agreement proposes a Settlement Class defined as:

> All Maryland residents with credit card accounts for credit cards issued by First Bank & Trust, Brookings SD ('FB&T') and serviced by Mercury on or after August 2018, and the borrower made one or more payments on the loan (each, a 'Class Member' and each such account, an "Account").
>
> Excluded from the class are all employees or representatives of Mercury, and all Court personnel.

(ECF No. 36-2, at 7).  "Defendant represents that it believes the class size is no larger than 57,000 Class Members and that the class size will not . . . exceed 60,000 Class Members."  (*Id.* at 7-8).

### B.    Consideration

The Settlement Agreement creates a settlement fund of $5.75 million for the benefit of the Class Members.  The settlement fund will be used to cover attorneys' fees and costs and settlement administration costs, and to make a settlement payment to the Class Members.  In exchange, "the proposed settlement will result in a release of claims of Settlement Class Members which is limited to claims which share the 'factual predicate' of this litigation."

(ECF No. 36-1, at 11).    Specifically, the Settlement Agreement states:

> Class Members will waive any defense that the cardholder agreements as a whole do not exist under Maryland law and, expressly accept and agree that the cardmember agreements governing the Accounts are valid and enforceable and that [Defendant] may collect, continue to collect, and pursue legal action . . . on any outstanding balances on the Accounts.

(ECF No. 36-1, at 11-12).

Defendant denies the allegations of the complaint and all liability but seeks to settle this matter "solely for the purpose of avoiding the burden, expense, risk, and uncertainty of continuing these proceedings, and for the purpose of putting to rest the controversies engendered by the Action . . . ."    (ECF No. 36-2, at 4).    Counsel for the Representative Plaintiff represent that the Settlement Agreement is "fair and reasonable and in the best interest of the Settlement Class" given that the outcome of this Action is uncertain and that "a final resolution through the litigation process would likely require protracted adversary litigation and additional appeals." (*Id.*).

Within ten calendar days of the Settlement Agreement's Effective Date and before payment is made to the Class, the Settlement Administrator will pay out of the Settlement Fund the

4

costs of administration and Class Counsel's costs and expenses and attorneys' fees. (ECF No. 36-2, at 11-12). The Parties anticipate that the cost of settlement administration will be "just under $2.60 per Class [M]ember," which is roughly $156,000 based on the Defendant's maximum estimated Class size. (ECF No. 36-1, at 13). Settlement Class Counsel requests attorneys' fees of $1.91 million, or 1/3 of the Common Fund. (*Id.* at 11).

The amount paid to each Class Member will depend on the total number of Class Members who are located and the total number of Class Members who opt out of the class. The payments to Class Members will be evenly distributed, and the Parties estimate that each person who meets the Class definition will receive approximately $65.00 to $100.00, depending on how many Class Members are located and how many opt out. (ECF No. 36-1, at 11).

Additionally, the Settlement Agreement provides that in the event of any unclaimed payments, "including all returned checks and all checks not cashed within one hundred eighty (180) days after the date of issue, shall revert to the Settlement Fund, and be distributed to the *cy pres* recipient(s) . . . ." (ECF No. 36-2, at 12). Donations to the *cy pres* recipients are as follows:

> a) the first $5,000.00 shall be donated to Economic Action Maryland; b) the next $5,000.00, if any, shall be donated to the

5

> Maryland Legal Aid Bureau, Inc.; c) the next $5,000.00, if any, shall be donated to the National Consumer Law Center (NCLC); and d) following these distributions, should any additional residual funds remain, they shall all be donated to the University of Maryland Francis King Carey School of Law . . . .

(*Id.* at 13). If any funds are to be donated to the *cy pres* recipient(s), the Settlement Administrator will "forward the funds payable . . . to the escrow account of Gordon, Wolf & Carney, Chtd., within ten (10) calendar days after all checks distributed to the Settlement Class Members under this Agreement which have not been negotiated have expired and are void." (*Id.*). Class Counsel will then send the funds to the *cy pres* recipient(s). (*Id.*).

## C.  Notices

Within fifteen days after entry of the preliminary approval, Defendant will provide the Settlement Administrator and Class Counsel with a list of all Class Members.  The list will include each Class Member's name, last known address, last known E-mail address, and social security number.[1]  (ECF No. 36-2, at 8).

Within thirty days after the entry of the preliminary approval, the Settlement Administrator will send by E-mail, first-

---

[1] The list provided to Class Counsel will omit social security numbers.  (ECF No. 36-2, at 8).

class mail, or both, to each person on the Class Member List a copy of the Settlement Notice. (*Id.* at 9; 36-4; 36-5). Additionally, no later than the date that the Notice is sent to the Class, the Settlement Administrator will establish a settlement website (www.MarylandMercurySettlement.com) which will allow Class Members to view and download a long-form notice. (ECF Nos. 36-2, at 10; 36-6). The long-form notice will also be mailed to Class Members who request a copy. (ECF No. 36-2, at 10). Settlement payments will be made in the form of a check. (*Id.* at 12).

## III. Analysis

### A.    Settlement Approval

Generally, approval of a Rule 23 class action settlement involves a two-step process. First, the terms of the proposed settlement are evaluated preliminarily for fairness, reasonableness, and adequacy. *Grice v. PNC Mortg. Corp. of Am.*, No. 97-cv-3084-PJM, 1998 WL 350581, at *2 (D.Md. May 21, 1998); *see also Manual for Complex Litig. (Fourth)* § 21.632 (2004) ("The judge must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms."). Courts have condensed this into an analysis of whether the settlement is fair and adequate and identified various factors for both.

*See McDaniels v. Westlake Servs., LLC*, No. 11-cv-1837-ELH, 2014 WL 556288, at *8 (D.Md. Feb. 7, 2014) (citing *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 158-59 (4th Cir. 1991)). "By far the most important factor is a comparison of the terms of the proposed settlement with the likely recovery that plaintiffs would realize if they were successful at trial." *Id.* (quotation omitted). When performing this analysis, a district court must "act[ ] as a fiduciary of the class." *1988 Trust for Allen Child. v. Banner Life Ins. Co.*, 28 F.4th 513, 525 (4th Cir. 2022) (citation modified). At this initial stage, preliminary approval should be granted when a proposed settlement is "within the range of possible approval," subject to further consideration at the final fairness hearing after interested parties have had an opportunity to object. *Benway v. Res. Real Est. Servs., LLC*, No. 05-cv-3250-WMN, 2011 WL 1045597, at *4 (D.Md. Mar. 16, 2011) (citation modified).

Where, as here, a class-wide settlement is presented for approval prior to class certification, there must also be a preliminary determination that the proposed settlement class satisfies the prerequisites set forth in Fed.R.Civ.P. 23(a) and at least one of the subsections of Fed.R.Civ.P. 23(b). *See Manual for Complex Litig. (Fourth)* § 21.632; *cf. Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). The parties must also be

directed to provide notice to the putative class members regarding the terms of the proposed settlement and the date of the final fairness hearing, where arguments and evidence may be presented in support of, and in opposition to, the settlement. *See* Fed.R.Civ.P. 23(e). At the second stage, following the final fairness hearing, final approval will be granted "[i]f the proponents of the settlement have satisfied their burden of showing that it is fair, adequate and reasonable." *Grice*, 1998 WL 350581, at *2.

**B.    Reasonableness and Adequacy**

The size of the proposed recovery to the class appears to be fair, reasonable, and adequate in light of the strength of the case against Defendant and the risks of litigation. Plaintiffs contend that, while they believe in the strength of their case on the merits, "this case depends almost entirely upon the [c]ourt's interpretation of the controlling statutory language and the jury's determination of fact." (ECF No. 36-1, at 19). The Class Members seek to recover damages stemming from the interest and fees charged by Defendant in connection with individual loans. Given that the potential recovery obtainable at trial for each Class Member is uncertain, the prospect of recovering between $65.00 and $100.00 may be more desirable than the possibility of nonrecovery at trial.

9

### C.    Notice

For class action settlements, a court "must direct notice in a reasonable manner to all class members who would be bound by the proposal[.]" Fed.R.Civ.P. 23(e)(1)(B).  The notice must "fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings." *McAdams v. Robinson*, 26 F.4th 149, 158 (4th Cir. 2022) (quoting *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 114 (2d Cir. 2005)). "Put another way, Rule 23(e) requires notice that describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Id.* (citation omitted).

Here, the proposed Notice appears accurately and fairly to inform potential Class Members about the Agreement, if some minor additions and corrections are made.  The identities of the potential Members are ascertainable because "[e]ach Class member is a Maryland resident who has or had a credit card accounts for credit cards issued by First Bank & Trust, Brookings SD ('SD&T') and serviced by Mercury on or after August 2018, where the borrower made one or more payments on the loan."  (ECF No. 36-1, at 27). Additionally, Defendant "has represented that the Settlement Class

consists of up to 60,000 persons" and Defendant is "required by the Agreement to provide extensive data and information to enable the Settlement Administrator to compile a Class List . . . ." (*Id.*).

The Settlement Administrator will distribute notice to all Class Members "by postcard, via first-class mail **and** by email (to the extent available)." (ECF Nos. 36-1, at 14; 36-4; 36-5). The proposed email notice and postcard notice are identical and explain to the Class Members the subject of the litigation, the reason they are being contacted, the proposed settlement, and the choice to either "Do Nothing" or "Exclude Yourself or Object." (ECF Nos. 36-4; 36-5). The Settlement Administrator will also "establish and maintain a website relating to the Settlement . . . on which it will post copies of the Long-Form Notice, along with other important documents filed in the litigation and in connection with the Settlement." (*Id.*; ECF No. 36-2 ¶ 17). In addition to being available on the settlement website, the proposed long-form notice will be mailed to anyone on the Class List who requests it. (ECF Nos. 36-1 at 14; 36-6). The long-form notice includes more in depth information relating to the Settlement, information regarding deadlines for

11

objecting, and a section providing the date for the hearing. (ECF No. 36-6).

The Parties must amend their notices before preliminary approval is appropriate. All notice forms need to be amended to state: "PLEASE DO NOT CONTACT THE COURT DIRECTLY. The Court cannot provide you with legal advice or any opinion regarding the lawsuit or proposed settlement." The notices may state that access to the court docket is available for a fee via PACER or through computers at the clerk's office in Greenbelt (put in address and hours) where they may view the docket and read documents. There is a fee of $0.10 per page to obtain copies of any document at the Clerk's Office.

The "What Do I Need to Do Now?" section of the postcard and e-mail notices need to include a deadline by which Class Members must opt out or exclude themselves from the Settlement. The postcard and e-mail notices also need to be amended to reflect the estimated recovery range of $65.00 to $100.00 per Class Member.

Some portion of the long-form notice is missing. There are answers for what must be questions 11 and 12, but no questions. (*Id.* at 6). Additionally, the long-form notice needs to be amended to reflect the estimated recovery range of $65.00 to $100.00 per Class Member.

## IV.  Conclusion

For the foregoing reasons, the court defers preliminary approval of class action settlement, and for approval of the form, manner and administration of notice, pending receipt of amended notices.  A separate order will follow.


_____/s/_____
DEBORAH K. CHASANOW
United States District Judge