IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANGELITA BAILEY, on her own    :
behalf and on behalf of all
others similarly situated    :

    v.                        :    Civil Action No. DKC 23-0827

                                :

MERCURY FINANCIAL, LLC

                                :

**MEMORANDUM OPINION AND ORDER**

Presently pending and ready for resolution is the joint motion for preliminary approval of a class action settlement agreement between Angelita Bailey ("Representative Plaintiff") and Mercury Financial, LLC ("Defendant," and collectively, "Parties") (ECF No. 36). The Parties also seek preliminary certification of a settlement class, appointment of counsel for Representative Plaintiff as class counsel, and approval of notice. The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion will be granted.

## I.   Background

On June 25, 2025, the Parties filed the instant joint motion for preliminary approval. (ECF No. 36). The court found that the terms of the proposed agreement were fair, reasonable, and adequate, but that the proposed notices required "minor additions and corrections" before the motion could be granted. (ECF No. 37,

at 10).   The court deferred approval of the motion pending
amendment of the proposed notices.  (ECF Nos. 37-38).  On July 21,
2025, the Parties submitted revised notices consistent with the
court's instructions.  (ECF No. 39).

## II.  The Settlement Agreement and Notices[1]

### A.    Agreement Terms

The court did not request any changes to the terms of the
Parties' Agreement.

### B.   Notices

The notices are largely unchanged, but the Parties have made
the amendments requested by the court in the prior opinion.  (ECF
No. 37, at 12).   The notices, as amended, accurately and fairly
inform potential Class Members about the Agreement.

The Parties have amended the notices to include the
instruction not to contact the court.  (ECF Nos. 39-1; 39-3; 39-
5).   The postcard notice and the email notice have each been
amended to (1) provide a deadline for Class Members to opt out or
exclude themselves from settlement, and (2) to reflect the
estimated range of recovery for each Member (ECF Nos. 39-1, at 2;

---

[1] Unless otherwise mentioned here, all other portions of the
Agreement and Notices remain materially unchanged from the motion
for preliminary approval and are accurately described in the
court's preceding opinion.  (ECF No. 37); *Bailey v. Mercury Fin.,
LLC*, No 23-0827-DKC, 2025 WL 2021644 (D.Md. July 18, 2025).

39-3, at 1).  The long-form notice has also been amended to provide the missing questions and to reflect the estimated range of recovery.  (ECF No. 39-5, at 5-7).

Upon careful consideration of the joint motion and a thorough review of the proposed Settlement Agreement, and subject to further consideration at the hearing described in Paragraph 10 below ("the Final Fairness Hearing"), it is this 24th day of July, 2025, by the United States District Court for the District of Maryland, ORDERED that:

1.    The joint motion for preliminary approval of class action settlement, and for approval of the form, manner and administration of notice (ECF No. 36 and supplemented at ECF No. 39) BE, and the same hereby IS, GRANTED;

2.    Subject to further consideration at the Final Fairness Hearing, the terms of the Settlement Agreement are preliminarily approved as fair, reasonable, and adequate within the meaning of Fed.R.Civ.P. 23(e);

3.    For settlement purposes only, and subject to further consideration at the Final Fairness Hearing, the following class of individuals ("Class Members") BE, and the same hereby IS, CERTIFIED as a class action pursuant to Fed.R.Civ.P. 23(a) & 23(b)(3):

> All Maryland residents with credit card
> accounts for credit cards issued by First Bank
> & Trust, Brookings SD ('FB&T') and serviced by
> Mercury on or after August 2018, and the
> borrower made one or more payments on the loan
> (each, a 'Class Member' and each such account,
> an "Account").
>
> Excluded from the class are all employees or
> representatives of Mercury, and all Court
> personnel.

4.      The court preliminarily finds that the Rule 23 Class

meets the prerequisites for a class action under Fed.R.Civ.P. 23(a)

and (b)(3) in that:

> a.    The approximate number of Class Members – 57,000 to
>
> 60,000 – is so numerous that joinder of all members
>
> thereof is impracticable;
>
> b.    There are questions of law or fact common to the
>
> Settlement Class, including whether Mercury's alleged
>
> actions in making consumer loans to Class members of
>
> less than $25,000, when the borrowers were residents of
>
> Maryland, constitutes a violation of the Maryland
>
> Consumer Loan Law, Md. Code Ann., Com. Law, § 12-314
>
> ("MCLL") because Mercury did not have a license under
>
> the MCLL;
>
> c.    The claims of the Representative Plaintiff are
>
> typical of the claims of the Settlement Class that

4

Representative Plaintiff seeks to certify, as Representative Plaintiff's claims center on the same facts and legal theories which are central to Settlement Class Members' claims; and

d.    Representative Plaintiff and her counsel will protect the interests of the Settlement Class fairly and adequately, as no conflict of interest between the Representative Plaintiff and the Settlement Class has been shown, and she has retained counsel experienced in class action litigation (*see* ECF No. 36-7);

5.    Solely for the purpose of settlement, the court further provisionally finds that the requirements of Rule 23(b)(3) are satisfied in that:

a.    The questions of law or fact common to the class predominate over any factual or legal variations among Class Members, because the central issues in this litigation are common among Plaintiffs, and the elements of Plaintiffs' claims can be evaluated through common evidence; and

b.    Class adjudication of Class Members' claims is superior to individual adjudication because it will conserve judicial resources and is more efficient for

5

Class Members, whose claims are relatively small and who may not be able to enforce their rights through a lengthy and costly suit;

6.   Named Plaintiff Angelita Bailey BE, and the same hereby IS, APPOINTED to serve as the representative of the class;

7.   Richard S. Gordan and Benjamin H. Carney of the law firm Gordon, Wolf & Carney, Chtd., BE, and the same hereby ARE, APPOINTED to serve as Class Counsel for the Class pursuant to Fed.R.Civ.P. 23(g);

8.   Strategic Claims Services of Media, Pennsylvania BE, and the same hereby IS, APPOINTED to serve as Settlement Administrator;

9.   The Parties and the Settlement Administrator are ordered to carry out the Notice plan described in the Agreement;

10.   Pursuant to Fed.R.Civ.P. 23(e), a Final Fairness Hearing addressing final approval of the Settlement Agreement shall be held on November 5, 2025, at 10:00 a.m. at the United States District Courthouse, 6500 Cherrywood Lane, Greenbelt, Maryland 20770.   The specific courtroom will be noted at www.mdd.uscourts.gov/calendar/calendar.asp.   Appropriate notices will be noted on the docket and the court's calendar;

11.   At least fourteen (14) days prior to the Final Fairness Hearing, Class Counsel shall file all papers in support of (a)

6

final approval of the Settlement Agreement as fair, reasonable, and adequate within the meaning of Fed.R.Civ.P. 23(e); (b) final certification of the Rule 23 Class; (c) the attorneys' fees and expenses requested by Class Counsel; and (d) the incentive fee requested on behalf of the Named Plaintiff;

12.   All proceedings in this action are hereby stayed pending the Final Fairness Hearing;

13.   The Parties are directed to follow the agreed upon protocols strictly; and

14.   The clerk will transmit copies of the Memorandum Opinion and this Order to counsel for the Parties.


                                                 /s/
                                       DEBORAH K. CHASANOW
                                       United States District Judge